Carl LOCASCIO, et al.,
Plaintiffs-Appellants,

v.

TELETYPE CORPORATION,
Defendant-Appellee.

No. 82–1354.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 13, 1982.

Decided Dec. 2, 1982.

Ernest T. Rossiello, Chicago, Ill., for plaintiffs-appellants.

Walter P. Loomis, Jr., Chicago, Ill., for defendant-appellee.

Before WOOD and POSNER, Circuit Judges, and DUMBAULD,* Senior District Judge.

HARLINGTON WOOD, Jr., Circuit Judge.

This case was brought under the Age Discrimination in Employment Act, Title 29 U.S.C. § 621 *et seq.,* by 35 former employees of Teletype Corporation in response to their lay-offs in July of 1975. It is in this court on appeal from an involuntary dismissal for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. The plaintiffs-appellants, Carl Locascio, et al., request that the dismissal be vacated and the case be remanded to the district court for trial because they contend that the trial judge abused her discretion in granting the motion to dismiss. We reject plaintiffs' contention and affirm the dismissal.

---

* The Honorable Edward Dumbauld, Senior District Judge of the Western District of Pennsylvania, is sitting by designation.

1. There is nothing in the record to indicate that this dismissal was due to anything but a misunderstanding over compensation. However, while in itself dismissal of counsel cannot in this instance be considered "dilatory" behavior, plaintiffs' failure to secure new counsel for

## I.

It is unclear from the record at what point in the progress of this lawsuit that the delays leading directly to its dismissal actually began. While it appears that the critical time period fell between February and June of 1981, the lawsuit was already almost four years old at that time, and had encountered delays attributable to both parties and to the court prior to 1981. The most significant of those for which the plaintiffs were responsible was a three-month failure to secure new counsel when plaintiffs' first attorney withdrew ten days after filing the lawsuit on July 17, 1977.[1] There was no other single instance of serious procrastination until 1981, but it cannot be said that plaintiffs facilitated expeditious movement toward trial.

In early 1981, plaintiffs' trial attorney suggested to plaintiffs that they consider arbitration instead of jury trial. Plaintiffs met this suggestion with disapproval manifested in letters of complaint to the trial judge. A progressive deterioration in the attorney/client relationship, evidenced in part by these communications, eventually resulted in trial counsel's withdrawal on April 27, 1981. At that time, and in an in-chambers conference on April 30, plaintiffs indicated to the judge their dissatisfaction with their remaining attorney. Judge Getzendanner advised them that the June 1 trial date could be delayed for no more than one week, until June 8, and that no further delays would be granted. At that time she also set a May 14 status conference at which plaintiffs were to appear with new counsel. Plaintiffs not only failed to secure new trial counsel during that two-week period, but also filed a complaint against their remaining counsel before the Attorney Reg-

three months could be interpreted as evidence of a lack of prosecutive intent. In determining the likely outcome of later withdrawals by plaintiffs' attorneys, the trial court could reasonably believe that a pattern of dilatory conduct was being played out, and it was within her discretion to forestall the adverse effects on both her docket and defendants of such apparently remiss behavior.

istration and Disciplinary Commission of the Illinois Supreme Court, resulting in counsel's motion to withdraw from the case. It was at this point that defendants filed a motion for involuntary dismissal. Subsequent events did little to salvage the situation: plaintiffs gave no indication of further efforts to secure trial counsel or that they wished to proceed *pro se;* and finally, the attorney who serendipitously stepped in at the *twelfth* hour to attempt to save plaintiffs from certain dismissal failed to appear in time for his own motion call to set a new trial date.

## II.

■ It is within the discretion of the trial court to dismiss for failure to prosecute, *Link v. Wabash,* 370 U.S. 626, 629–31, 82 S.Ct. 1386, 1388–1389, 8 L.Ed.2d 734 (1962), and we will not disturb such a ruling in the absence of abuse of discretion. *Jafree v. Scott,* 590 F.2d 209, 212 (7th Cir. 1978). While there are no clear-cut rules governing the exercise of discretion on a motion to dismiss for failure to prosecute, this circuit has adhered to a standard which looks to the question of arbitrariness on the part of the trial court in determining whether there is an abuse of discretion warranting reversal. *Link.* In general we will not set aside a trial court's discretionary order unless it is clear that no reasonable person could concur in the trial court's assessment of the issue under consideration. *Beshear v. Weinzapfel,* 474 F.2d 127 (7th Cir.1973) (adopting the standards set forth in *Particle Data Laboratories, Inc. v. Coulter Electronics, Inc.,* 420 F.2d 1174, 1178 (7th Cir.1969), governing appellate review of actions within a trial court's discretion).

■ The instant case is a close and difficult one, due to the number of plaintiffs involved, external factors such as the congestion of the trial court's docket, and the severity of the sanction imposed. The interests of justice require that the use of such an extreme and final solution as dismissal with prejudice be held in abeyance until it is clear that lesser sanctions either have not been or will not be effective to remedy the dilatory conduct. However, this court cannot substitute its judgment for that of the trial court simply because it might have acted differently in the trial judge's place. The record indicates a lack of prosecutive intent on plaintiffs' part in their inability to secure and retain counsel whom they were willing to allow to effectively prosecute their action, and in their failure to demonstrate to the satisfaction of the trial court that they had been and were continuing to make a concerted good faith effort to obtain an attorney to represent them at trial. Judge Getzendanner warned them of the drastic consequences that would ensue should they fail to secure a replacement for their trial attorney; yet two weeks before trial plaintiffs had not only failed in that respect, but had taken actions to cause their remaining attorney to withdraw from their case. The lawyer who finally stepped into the case on what was to have been the trial date did so at his own initiative through no expenditure of effort on the part of the plaintiffs that might have indicated their intent to prosecute their action. Past conduct of the plaintiffs justified the court's mounting frustration and eventual dismissal of the case.

For these reasons the order of the district court is

AFFIRMED.