**Eddie WASHINGTON, et al.,
Plaintiffs-Appellants,**

v.

**Daniel WALKER, et al.,
Defendants-Appellees.**

**No. 83–1965.**

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 24, 1984.

Decided May 18, 1984.

As Amended May 22, 1984.

---

Michael J. Hoare, Chackes & Hoare, St. Louis, Mo., for plaintiffs-appellants.

Rosalyn B. Kaplan, Asst. Atty. Gen., Civ. Appeals Div., Chicago, Ill., for defendants-appellees.

Before BAUER, CUDAHY and COFFEY, Circuit Judges.

COFFEY, Circuit Judge.

This case is before us as an appeal from an order of dismissal for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. We affirm.

This action was commenced on June 9, 1975, as a class action alleging that the written examinations used in hiring and promoting Illinois State Police had a disparate impact on blacks. The plaintiffs engaged in extensive discovery and on three separate occasions unsuccessfully applied to the trial court for injunctive relief. We affirmed the court's denial of the first motion for preliminary injunction in *Washington v. Walker*, 529 F.2d 1062 (7th Cir. 1976).[1] On January 21, 1977, this case was certified as a class action "conditioned upon amendment of plaintiffs' class definition." *Washington v. Walker*, 14 Fair Empl.Prac. Cas. (BNA) 772, 775 (S.D.Ill.1977). At the hearing on the plaintiffs' third request for a preliminary injunction the plaintiffs requested a trial date. A pre-trial conference was set for May 3, 1977. However, on April 28, 1977, the court on its own motion cancelled this conference. More than one year later, on September 9, 1978, the Clerk of Court entered a "minute entry" that the file would no longer be considered an open case for statistical purposes, but that it should not be considered dismissed, and that any party could initiate proceedings. This case lay dormant for some four years until the plaintiffs attempted to supplement their prior discovery in May 1982 and filed

a motion to compel discovery in September of that year. On October 12, 1982, the defendants moved to dismiss under Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute. On November 29, 1982, the court dismissed this action.

The plaintiffs argue that a dismissal was inappropriate in this case because their counsel complied with all court orders and rules of practice and never missed a hearing or interposed a motion for the purpose of delay. The plaintiffs note that in many of the prior Seventh Circuit cases upholding a dismissal for want of prosecution there have been aggravating circumstances. However, this court has never stated that overt misbehavior is required, only that dismissal with prejudice is appropriate "when there is a clear record of delay *or* contumacious behavior." *Ellingsworth v. Chrysler*, 665 F.2d 180, 185 (7th Cir.1981) (emphasis added). " '[F]ailure to prosecute' under the rule does not mean that the plaintiff must have taken any positive steps to delay the trial or prevent it from being reached by the regular machinery of the court. It is quite sufficient if he does nothing, knowing that until something is done there will be no trial." *Bendix Aviation Corp. v. Glass*, 32 F.R.D. 375, 377 (E.D.Pa.1962), *aff'd per curiam*, 314 F.2d 944 (3d Cir.), *cert. denied*, 375 U.S. 817, 84 S.Ct. 51, 11 L.Ed.2d 52 (1963). The plaintiffs argue that their counsel was not at fault because the court, on April 28, 1977, cancelled the pre-trial hearing on its own motion and further failed to reschedule the case. However, in their reply brief the plaintiffs concede that the duty of moving a case to trial is on the plaintiff and not on the court. *See Jafree v. Scott*, 590 F.2d 209, 211 (7th Cir.1978).

Second, the plaintiffs argue that the dismissal by the court was inappropri-

---

1. We noted that the plaintiffs had failed to establish a clear likelihood of success on the merits. The defendants had earlier signed a settlement with the Equal Employment Opportunity Commission, due in part to plaintiffs' efforts before the commission. The written agreement provided that, for each test, the rejection rates

for blacks and minorities would be "no greater than those of white males who pass and receive an appointment," and that 25% of those attending the training school would be members of a minority group. *Washington v. Walker*, 529 F.2d 1062, 1064 (7th Cir.1976).

ate because the defendants have not shown actual prejudice. However, prejudice may be presumed from an unreasonable delay. 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2370 at 216 (1971). The plaintiffs, nonetheless, contend that the defendants could not demonstrate any prejudice in this case because most of the evidence is documented in the form of applications, tests, and test scores.[2] However, Rule 41(b) serves not only to protect defendants but also to aid courts in keeping administrative control over their own dockets and to deter other litigants from engaging in similar dilatory behavior. *Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224, 1230–31 (7th Cir.1983). The Supreme Court did not require a demonstration of prejudice in *Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962), the seminal case upholding a *sua sponte* dismissal for want of prosecution, and we will not require such a showing in this case.

■ Finally, the plaintiffs contend that while the circumstances of this case might justify dismissal ordinarily, civil rights suits are *sui generis*. Prior Seventh Circuit cases belie the claim that civil rights actions may not be dismissed for lack of prosecution. *See, e.g., Stevens v. Greyhound Lines, Inc.*, 710 F.2d 1224 (7th Cir. 1983); *Locascio v. Teletype Corp.*, 694 F.2d 497 (7th Cir.1982), *cert. denied*, —— U.S. ——, 103 S.Ct. 1876, 76 L.Ed.2d 808 (1983); *Lyles v. Commercial Lovelace Motor Freight*, 684 F.2d 501 (7th Cir.1982). However, the plaintiffs present a novel argument that 42 U.S.C. § 2000e–5(f)(4) and (5) place an affirmative duty on a judge to see that a Title VII case is tried on the merits. Subsection (f)(5) provides in part that "It shall be the duty of the judge ... to assign [a Title VII] case for hearing at the earliest practicable date and to cause the case to be in every way expedited."

Subsections (a)–(g) of 42 U.S.C. § 2000e–5 were amended in their entirety in 1972. Equal Employment Opportunity Act of 1972, Pub.L. No. 92–261, § 4, 86 Stat. 103, 104 (1972). The original bill reported out of the House committee did not contain these amendments. The Senate changed the bill to provide for a three-judge district court in cases of general public importance, and to require that cases be assigned for hearing at the earliest practicable date and be expedited in every way. At the House-Senate Conference Committee, the Senate withdrew its three-judge court proposal with an amendment containing the section's current language. *Joint Explanatory Statement of Managers at the Conference on H.R. 1746*, 92d Cong., 2d Sess., *reprinted in* 1972 U.S.Code Cong. & Ad.News 2179, 2182. There is no indication whatsoever that these amendments were intended to shift the traditional responsibility of counsel to move cases forward, as in all litigation. A fairer reading is that the amendments were meant to express Congress's intention that diligently prosecuted cases not be "buried" in a busy court docket. *See* H.R.Rep. No. 238, 92d Cong., 2d Sess. 10, *reprinted in* 1972 U.S.Code Cong. & Ad.News 2137, 2146. The plaintiffs have failed to cite and our research has not uncovered any cases to support their novel construction of this section. Indeed, two cases citing Subsection (f)(5) of 42 U.S.C. § 2000e–5 urge that the dismissal sanction is one way for the courts to carry out the congressional directive that civil rights cases be expedited. *See Titus v. Mercedes Benz of North America*, 695 F.2d 746, 761 (3d Cir.1982) (Garth, J., dissenting from the reversal of a dismissal for failure to prosecute); *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 948 (9th Cir.1976) (dismissing the E.E.O.C. with prejudice as a party intervenor).

Finally, the plaintiffs argue that it would be unfair to penalize the named plainti s and the putative class members for t e errors of counsel. However, the settlement between the defendants and the Equal Employment Opportunity Commission already provides much of the relief that they seek. Any harm to plaintiffs

---

2. The defendants dispute this and say that they will be prejudiced because of the turnover in agency staff since the suit was filed and because of the accrual of damages.

caused by the dismissal must be balanced against the harm to defendants caused by the delay. There have been two governors and three attorneys general in Illinois since the suit was filed. Parties have some responsibility to keep abreast of their cases. *Inryco, Inc. v. Metropolitan Engineering Co.,* 708 F.2d 1225, 1234–35 (7th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 347, 78 L.Ed.2d 313 (1983).[3] Furthermore, the plaintiff class was apparently never certified. The district court's order of class certification was conditioned on the plaintiffs' redefining the class. The plaintiffs do not dispute the defendants' allegation that this was not done.[4] Defendants state that none of the members of the prospective class has ever come forward with a similar claim.

▆▆▆ A dismissal with prejudice is a harsh sanction. *Webber v. The Eye Corporation,* 721 F.2d 1067, 1069 (7th Cir.1983). However, we are limited in our appellate review to the abuse of discretion standard. *Locascio v. Teletype Corp.,* 694 F.2d 497, 499 (7th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1876, 76 L.Ed.2d 808 (1983). No exact rule can be laid down as to when dismissal for failure to prosecute is justified; each case must be looked at in light of its own procedural history. *Stevens v. Greyhound Lines,* 710 F.2d 1224, 1228 (7th Cir.1983). We hold that the district court did not abuse its discretion. Plaintiffs virtually abandoned this case, doing nothing to move it forward for more than five years.

The order of the district court is AFFIRMED.

---

**3.** The Illinois Code of Professional Responsibility, Ill.Ann.Stat. ch. 110A foll. § 771 (Smith-Hurd Supp.1982), which is modeled after the American Bar Association Code of Professional Responsibility, makes clear that an attorney has an ethical responsibility to diligently prosecute each case according to the wishes of a client. Rule 6–101(a)(3) provides that "A lawyer shall not … neglect a legal matter entrusted to him."

**4.** To the extent that prospective class members relied on this suit, rather than pressing their claims as individuals, equitable tolling might be possible. *See American Pipe & Constr. Co. v. Utah,* 414 U.S. 538, 552–56, 94 S.Ct. 756, 765–67, 38 L.Ed.2d 713 (1973) (commencement of original class suit tolls the statute of limitations in some cases until class status is denied).