James Shannon PATTERSON, a minor, By his father and next friend, John PATTERSON, and John Patterson, individually, Plaintiffs–Appellants,

v.

COCA–COLA BOTTLING COMPANY CAIRO–SIKESTON, INC., the Coca–Cola Company and Chattanooga Glass Company, Defendants–Appellees.

No. 87–2055.

United States Court of Appeals, Seventh Circuit.

Argued June 13, 1988.

Decided July 15, 1988.

Rehearing Denied Sept. 13, 1988.

Jeanne L. Sathre, Lakin & Herndon, Wood River, Ill., for plaintiffs-appellants.

Frank N. Gundlach, Armstrong, Teasdale, Kramer, Vaughan & Schlafly, St. Louis, Mo., for defendants-appellees.

Before WOOD, Jr., EASTERBROOK and RIPPLE, Circuit Judges.

PER CURIAM.

James Shannon Patterson, a minor, brings this products liability action with his father, seeking damages from defendants [1] for personal injuries suffered when a soft drink bottle allegedly exploded, causing facial injuries to minor plaintiff. The district court dismissed the case with prejudice for plaintiffs' failure to comply with discovery orders and court deadlines. We affirm.

The injury which is the basis for plaintiffs' complaint occurred in August, 1982. In December, 1983, plaintiffs filed an action in the United States District Court for the Southern District of Illinois, seeking damages for personal injuries allegedly resulting from the "explosion" of a Coca-Cola bottle. In April, 1984, plaintiffs voluntarily dismissed their complaint without prejudice.

In April, 1985, plaintiffs again filed an action against defendants, this time in the Circuit Court of Madison County, Illinois. Defendants jointly removed the case to the United States District Court for the Southern District of Illinois.

On May 28, 1985, Judge Beatty set the case for trial in January, 1987. In his May 28 order, Judge Beatty instructed the parties to disclose experts at least three months prior to the trial date. On June 21, 1985, the case was transferred to the Benton Division of the Southern District of Illinois. In a June 28, 1985 order, Judge Foreman set a new trial date for October 6, 1986, and ordered that discovery be completed by September 8, 1986.

On November 11, 1985, defendant Coca-Cola Company submitted a request for production of the fragments of the bottle which were the subject of the litigation. Defendant Coca-Cola Company filed a motion to compel on April 14, 1986, for plaintiffs' failure to respond to defendants' request for the bottle fragments. Plaintiffs did not respond. On May 2, 1986, the district court entered an order to show cause why plaintiffs had failed to respond to the motion to compel. Plaintiffs again did not respond. As a result, on June 4, 1986, the district court granted defendants' motion to compel. Plaintiffs were ordered to comply with the request for production of the bottle fragments within fifteen days.

Despite the court order, however, plaintiffs failed to produce the bottle fragments. Defendant Coca-Cola Company then filed a motion for sanctions on June 30, 1986, requesting that plaintiffs' complaint be dismissed. On August 8, 1986, the district court entered an order granting defendants' motion for sanctions. In his August 8 order, the district judge stated that plaintiffs' complaint would be dismissed unless plaintiffs complied with the order to produce the bottle fragments within ten days. In late August, 1986, plaintiffs finally complied with the order to produce the bottle fragments for inspection by defendants' experts.

On September 10, 1986, plaintiffs filed a motion to continue discovery and to reset the trial date. The motion was granted on September 22, 1986, and the case was given a new trial date of January 5, 1987. In his September 26 order, Judge Foreman stated that no further continuances would be allowed. On November 28, 1986, plaintiffs filed another motion seeking an additional

1. Chattanooga Glass Company merged with Glass Container Corporation on September 1, 1983, and became Container General Corporation. Diamond-Bathurst, Inc., subsequently purchased Container General Corporation and another company, Thatcher Glass Company, both of which assumed the name of Diamond-Bathurst, Inc. Diamond-Bathurst, Inc., merged with Anchor Glass Container Corporation in August, 1987. Chattanooga Glass Company, as a separate entity, no longer exists.

twenty-one days to complete discovery. This motion was also granted.

On December 22, 1986, at what was to have been a final pretrial conference, the district court granted plaintiffs' request for a continuance from the January 5, 1987, trial date. Plaintiffs' counsel told the court that the case was dependent upon expert testimony and that he had not yet secured an expert witness for trial. In its December 22 order granting the continuance, the district court ordered plaintiffs to identify their expert witness within forty-five days. At this same conference, the district judge made it clear that if plaintiffs did not identify an expert within this forty-five day period, the district court would dismiss the case with prejudice. Also at this conference, plaintiffs' counsel requested that the bottle fragments be returned to him by defendants, although he did not state the bottle fragments were needed in order to secure an expert witness.

Under the terms of the December 22 order, plaintiffs were instructed to identify their expert by February 5, 1987. Plaintiffs failed to do so. Instead, on February 9, 1987, plaintiffs filed a motion for an additional fourteen days within which to disclose expert witnesses. Plaintiffs claimed that they had been unable to find an expert because of defendants' failure to promptly return the bottle fragments.[2] The district court denied the motion for an extension on February 26, 1987. The district judge ordered that plaintiffs be barred from introducing expert testimony and gave plaintiffs ten days to file a response showing why the case should not be dismissed with prejudice. In its order, the district court noted that, by plaintiffs' own admission, the case could not survive without expert testimony.

Plaintiffs filed a motion on March 3, 1987, in an attempt to persuade the district court not to dismiss the case. In its motion to vacate the February 26 order, plaintiffs alleged that the bottle fragments had been returned in a damaged condition. On March 19, 1987, plaintiffs filed a motion for sanctions against defendants for the alleged damage to the bottle while it was in defendants' care.

On May 22, 1987, the district court denied plaintiffs' motion for reconsideration and dismissed plaintiffs' case with prejudice. The district judge stated:

> In conclusion, this Court probably should have dismissed this case for plaintiffs' blatant failure to adhere to this Court's Order back in August of 1986. Plaintiffs were totally uncooperative in the discovery procedures. This Court definitely should have dismissed this case when plaintiffs failed to meet the Court's extended deadline for finding and disclosing their expert witness. Counsel for plaintiffs has missed every deadline imposed by this Court and only now sees the import of working this file. The Court will not now miss its chance to correct its earlier overabundance of patience.

Plaintiffs filed a motion to reconsider on June 1, 1987, which was denied on June 12, 1987. Plaintiffs now take this appeal.

The sole issue is whether the district court abused its discretion in precluding plaintiffs from introducing expert testimony and in dismissing their action for failure to comply with discovery orders and deadlines.

Rule 37 of the Federal Rules of Civil Procedure states, in pertinent part:

> *Failure to Make or Cooperate in Discovery: Sanctions*
>
> (b) *Failure to Comply with Order.*
> (2) *Sanctions by Court in Which Action is Pending.* If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
> (C) An order striking out pleadings or parts thereof, or staying further

---

2. The record indicates that defendants returned the bottle one week after the pretrial conference was held—on December 29, 1986. The forty- five day extension granted by Judge Foreman on December 22, 1986, did not end until February 5, 1987.

proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party ...

FED.R.CIV.P. 37(b).

■ In *National Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 642, 96 S.Ct. 2778, 2780, 49 L.Ed.2d 747 (1976), the United States Supreme Court set forth the standard of review for an order of dismissal under Rule 37 of the Federal Rules of Civil Procedure. In *National Hockey League,* the Court held that such dismissals will be affirmed unless the district court abused its discretion. 427 U.S. at 642, 96 S.Ct. at 2780. Similarly, this court has held that a district court's action in dismissing a case with prejudice should not be reversed unless there has been an abuse of discretion. *Washington v. Walker,* 734 F.2d 1237, 1240 (7th Cir.1984). This court will not set aside a trial court's discretionary order unless it is clear that no reasonable person could concur in the trial court's assessment of the issue under consideration. *3 Penny Theater Corp. v. Plitt Theatres, Inc.,* 812 F.2d 337, 339 (7th Cir.1987).

■ Although plaintiffs argue that a dismissal should only be affirmed where the record shows the party acted "due to willfulness or bad faith," this court has indicated that the element of fault on the part of the noncomplying party will also be considered. *Roland v. Salem Contract Carriers, Inc.,* 811 F.2d 1175, 1179 (7th Cir.1987). Thus, (unlike a Rule 41(b) dismissal) a Rule 37(b) dismissal requires *both* a failure to comply with a discovery order and a showing of willfulness, bad faith, or fault. *Id.*

Plaintiffs maintain that *Fox v. C.I.R.,* 718 F.2d 251, 254 (7th Cir.1983), holds that the discretion of a district court to dismiss with prejudice for failure to comply with discovery orders is not very broad. Plaintiffs contend that unless there is a clear record

of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing, a dismissal with prejudice should not be ordered. *Webber v. Eye Corp.,* 721 F.2d 1067, 1069 (7th Cir.1983).

■ This court has recognized, however, that a district court's discretion in this area is "broad." *Tamari v. Bache & Co. (Lebanon) S.A.L.,* 729 F.2d 469, 472 (7th Cir. 1984). The sanction of dismissal is "essential to the district courts' ability to manage effectively their heavy caseloads and thus protect the interests of all litigants." *Roland,* 811 F.2d at 1177–78. The choice of an appropriate discovery sanction is primarily the responsibility of the district court and its decision will not be reversed absent a clear abuse of discretion. *Loctite Corp. v. Fel–Pro, Inc.,* 667 F.2d 577, 582 (7th Cir.1981) (noting that the district court had the best opportunity to assess the record for the desired discovery and the degree of compliance, since it had dealt with the parties and issues involved in the lawsuit for several years). As this court has recently stated:

> Judges must be able to enforce deadlines. Doing so means the use of sanctions, even severe ones such as default, when parties ignore the ongoing proceedings and demand the right to set their own deadlines. ... Toleration of delay could string out the case interminably, its pace established by the most slothful of the parties.

*Matter of Kilgus,* 811 F.2d 1112, 1118 (7th Cir.1987).

■ Plaintiffs assert that their failure to name an expert within the court-imposed deadline was caused by defendants' failure to return the bottle fragments. But plaintiffs had over four years to locate an expert and conduct an investigation into the incident. Their failure to name an expert cannot be blamed on defendants who only held the bottle for about four months.[3]

---

**3.** Plaintiffs still had thirty-eight days to locate an expert after its return on December 29, 1986. Plaintiffs did not suggest at the December 22 conference that the bottle fragments were needed in order to secure an expert witness. In plaintiffs' motion served on February 28, 1987,

plaintiffs stated *in judicio* that they had "found an expert who felt that the bottle was not a necessary component in order to form his opinion." Therefore, any claim of "delay" in returning the bottle is inapposite to the issue at bar.

Plaintiffs urge this court to reverse the dismissal, arguing that less drastic sanctions would achieve the same result. Yet we see no reason to impose a requirement that prevents a district court from imposing sanctions if, under the circumstances, it is warranted. As this court stated in *Hal Commodity Cycle Management Co. v. Kirsh*, 825 F.2d 1136, 1139 (7th Cir.1987), "[a] district court is not required to fire a warning shot." Furthermore, this court has affirmed dismissals even though lesser sanctions were not first imposed. *See Roland*, 811 F.2d at 1178 (failure to obey a single order was insufficient to sanction dismissal, but where multiple violations of orders occur, dismissal is proper); *Mertens v. Hummell*, 587 F.2d 862 (7th Cir.1978) (*per curiam*) (dismissal affirmed where failure to comply with three orders). In the case at bar, the record indicates that plaintiffs had previously refused to respond to defendants' discovery requests and to orders of the district court until they were faced with dismissal of their complaint. No lesser sanction would seem to work where plaintiffs are concerned.

■ A court reviewing the dismissal of an action or claim must consider the procedural history of the case as well as the status of the case at the time of the dismissal. *Roland*, 811 F.2d at 1177. Here, plaintiffs contend that their "failure to name an expert was the only instance of any outstanding discovery or noncompliance by plaintiff[s]." They argue that this case was proceeding towards trial "at a reasonable rate of speed," and also argue that "much, if not all, of the delay" in plaintiffs' naming of an expert can be attributed to defendants' holding the bottle for five of the seven months preceding dismissal and in returning the bottle in a damaged condition. According to plaintiffs, "[t]hese acts clearly hampered the plaintiffs['] efforts in finding an expert willing to testify."[4] We disagree.

Contrary to plaintiffs' account of the facts, the record does not indicate that dismissal followed only a "short delay." Four-and-a-half years after injury, almost three years after the filing of the first complaint, and over eighteen months after the filing of the second complaint, plaintiffs had still not retained an expert. Given plaintiffs' position that their case depended upon expert testimony, it would seem evident that plaintiffs were not diligent in pursuing their claim.

Furthermore, the district court dismissed the case based on plaintiffs' total "failure to comply with discovery orders and deadlines" and not just on a "short delay" in naming an expert as plaintiffs allege. Indeed, the record does not support plaintiffs' assertion that the case history "simply does not reflect the total disregard of the court['s] orders or deadlines that the [district] court found." The record is replete with delays, non-responses to court orders, and missed deadlines. Plaintiffs have proffered no reason as to why they did not locate an expert witness from the time the lawsuit began to the fifteen-month period in which they had possession of the bottle fragments.

The plaintiffs also urge this court to reverse on the basis that the sanction of dismissal is too harsh, given that one of the plaintiffs is a minor. Plaintiffs cite *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir.1983), for the "long established rule" of the court's duty to protect a minor's interests. But the facts in *Salmeron* concerned the settlement of a lawsuit —a scenario that will always involve the participation of the parties to a suit. Compliance with discovery, however, is the duty of the litigant's counsel. A party will rarely be involved in responding to discovery requests.[5]

Despite the harshness of the sanctions of dismissal or default, federal courts have consistently affirmed in the absence of a good excuse for the dilatory conduct. *CKS Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1208–09 (7th Cir.

---

**4.** Plaintiffs failed to specify how their efforts to secure an expert had been hampered by the alleged damage to the bottle.

**5.** Of course, if a client's interests suffer due to the discovery errors committed by his attorney, the party is not without a remedy.

1984) (default judgment for over $600,000 affirmed). The district court's authority to impose sanctions upon plaintiffs for their persistent failure to comply with discovery and scheduling orders is based upon the desire for judicial economy. The rules which authorize a district court to dismiss a complaint serve "not only to protect defendants but also to aid courts in keeping administrative control over their own dockets and to deter other litigants from engaging in similar dilatory behavior." *Washington*, 734 F.2d at 1239. Dismissal is appropriate where there is a "clear record of delay *or* contumacious behavior" or when the record indicates a lack of desire to prosecute the action. *Washington*, 734 F.2d at 1238 (emphasis supplied). Unlike the facts in *Webber* (upon which plaintiffs rely), there is evidence here of the kind of contumacious conduct that could support a dismissal of plaintiffs' claim with prejudice.

Plaintiffs missed four discovery deadlines and each time failed to request any extension prior to the deadline's expiration. A party's failure to timely make the appropriate motion is one factor for the court to consider. *Fox*, 718 F.2d at 255 n. 4. A threat of dismissal was necessary for plaintiffs to comply with a discovery order regarding the evidence which constituted the foundation of plaintiffs' case. Plaintiffs also ignored three discovery orders requesting them to produce the bottle, only complying when threatened with dismissal.

The district court repeatedly accommodated plaintiffs by granting extensions, but warned the final time that dismissal would follow an additional failure to meet the deadline. Where a court has expressly warned the party that the consequences of further delay would be dismissal or default, courts have affirmed. *Locascio v. Teletype Corp.*, 694 F.2d 497, 499 (7th Cir. 1982), *cert. denied*, 461 U.S. 906, 103 S.Ct. 1876, 76 L.Ed.2d 808 (1983).

Plaintiffs' failure to cooperate in discovery has prejudiced defendants. Defendants' trial preparations were no doubt hampered by plaintiffs' dilatory conduct. Moreover, defendants were obliged to put in considerable time and expense in preparing motions seeking to compel plaintiffs to cooperate in discovery. Plaintiffs' repeated failure to cooperate in discovery and refusal to comply with orders of the district court justify the sanctions which the district court imposed. The district judge demonstrated considerable patience in dealing with plaintiffs until forced to impose sanctions by plaintiffs' continued disregard of court scheduling orders in a dilatory pursuit of their own cause of action.

For the reasons stated above, the judgment of the district court is

AFFIRMED.