983 F.2d 1073
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Donald W. SHIELDS, Plaintiff/Appellant,
v.
SHEARSON LOEB RHOADES, INC. and Shearson/American Express,
Inc., Defendants-Appellees.
 No. 92-1425.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 16, 1992.
Decided Jan. 7, 1993.
 
 Before CUDAHY, EASTERBROOK and MANION, Circuit Judges.
 
 ORDER
 
 1
 Donald W. Shields appeals from the dismissal pursuant to Fed.R.Civ.P. 41(b) of his securities fraud action for want of prosecution. The parties' joint motion to stay proceedings pending arbitration was granted by the district court on April 15, 1986. In 1991, Shields filed applications to the New York Stock Exchange (NYSE) to arrange for arbitration hearings. Finding that there had been a clear record of unexcused delay, the district court granted defendants' motion to dismiss on January 21, 1992. Shields contends that the court abused its discretion in not allowing the case to be decided on the merits and not giving explicit warnings or considering lesser sanctions prior to dismissal. We conclude that the district court did not abuse its discretion in dismissing Shield's claim since Shields failed to take timely steps to commence arbitration or to adequately account for his delay.
 
 I. FACTS
 
 2
 Shields filed a complaint in state court against Shearson Loeb Rhoades, Inc., Shearson/American Express, Inc. and Prudential Bache Securities, Inc. (collectively, "Shearson") on December 30, 1985, alleging excessive trading on his account, fraudulent misrepresentation and breach of fiduciary responsibility in violation of the Indiana Securities Act. In February, 1986, defendants removed the action to federal district court on the basis of diversity of citizenship, 28 U.S.C. § 1332. The parties' joint motion for a stay of proceedings pending arbitration in accordance with NYSE rules was granted on April 15, 1986.[1]
 
 
 3
 Subsequent to the order to stay proceedings, Shields took the following steps to bring his claim to arbitration:
 
 
 4
 1. November 3, 1987: sent a letter to one of Shearson's attorneys requesting a mutually convenient hearing date before the NYSE;
 
 
 5
 2. December 28, 1987: spoke with one of Shearson's attorneys concerning the November 3, 1987 letter;
 
 
 6
 3. May 23, 1988: sent a letter to Edward Morris, the Arbitration Director of the NYSE, requesting information and documents necessary to begin the arbitration process; the record shows that Morris replied on June 30, 1988, sending the requested documents;
 
 
 7
 4. March 4, 1991: submitted Petitioner's Uniform Submission Agreement, claim letter, and a deposit of $500 to the NYSE, to begin arbitration proceedings;
 
 
 8
 5. July 24, 1991: submitted a request for discovery to defendants and forwarded a copy of the request to the NYSE, indicating a desire to hold a hearing in October, 1991;
 
 
 9
 6. August 8, 1991: resubmitted documents necessary to begin arbitration proceedings to the NYSE, accompanied by a deposit of $650.
 
 
 10
 Shields claims that his delay in proceeding to arbitration was due in part to a hit-and-run automobile accident he suffered in December, 1989 or January, 1990 (the exact date not being clear from the record), which caused severe injuries, a subsequent stroke and movement disorder, as well as serious financial hardship. A neurological evaluation by Dr. Francis D. Hussey, Jr., dated February 5, 1990, indicates that Shields was suffering from continuous, irregular movements of the head and tongue which had gotten progressively worse since the accident. Dr. Hussey also indicated that immediately after the accident, Shields had been treated and released from Lee Memorial Hospital. Furthermore, during the examination, Shields was alert, oriented, and showed no evidence of thought disorder or speech pathology. Shields also presented a letter from Dr. William L. White, dated August 29, 1991, indicating that Shields has a movement disorder due to trauma and needs a neurological examination. Shields presented no record of hospitalization during this period.
 
 
 11
 On October 9, 1991, Thomas M. Knepper, whose firm represented Shearson, submitted an affidavit in support of defendants' motion to dismiss. Knepper stated that approximately six months after the district court issued its stay order, the Shields file in his office was closed and sent to storage. The file was probably discarded in 1988 or 1989. Furthermore, the order tickets on Shields' account that had been stored in the Indianapolis area by Shearson, and which Shearson needs to defend a charge of excessive trading or churning, could not be located and had probably been destroyed in the normal course of business. Knepper stated that a search of Shearson's records in the New York area was still proceeding.
 
 
 12
 Pursuant to Fed.R.Civ.P. 41(b), the district court granted Shearson's motion to dismiss on January 21, 1992. Shields filed a timely appeal.
 
 II. ANALYSIS
 
 13
 As a preliminary note, the district court correctly analyzed its jurisdiction to dismiss Shields' claim with prejudice for failure to proceed with arbitration. The agreement to arbitrate does not oust the district court's jurisdiction over the claims subject to arbitration. The Anaconda v. American Sugar Refining Co., 322 U.S. 42, 44-45, 64 S.Ct. 863, 865 (1944); Morris v. Morgan Stanley & Co., 942 F.2d 648, 653-54 (9th Cir.1991); Zosky v. Boyer, 856 F.2d 554, 556 (3d Cir.1988), cert. denied, 488 U.S. 1042, 109 S.Ct. 868 (1989); Meyer v. Dans un Jardin, S.A., 816 F.2d 533, 538 (10th Cir.1987). Furthermore, a stay of proceedings pending arbitration contemplates continuing supervision by the court to ensure that arbitration proceedings are conducted within a reasonable amount of time, Meyer, 816 F.2d at 538-39, and jurisdiction over a Rule 41(b) motion properly serves this end. See Morris, 942 F.2d at 654 (Rule 41(b) dismissal does not constitute impermissible court interference with the arbitration process itself).
 
 
 14
 Under Rule 41(b), district courts have the power "to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." Link v. Wabash Railroad Co., 370 U.S. 626, 630, 82 S.Ct. 1386, 1389 (1962). Dismissal is appropriate when there is a clear record of delay or contumacious conduct, or when lesser sanctions have proven ineffective. 3 Penney Theater Corp. v. Plitt Theatres, Inc., 812 F.2d 337, 339 (7th Cir.1987); Roland v. Salem Contract Carriers, Inc., 811 F.2d 1175, 1177 (7th Cir.1987). Total inactivity is a sufficient basis for dismissal; a plaintiff need not overtly disobey a court order or miss court dates before dismissal is justified, Washington v. Walker, 734 F.2d 1237, 1238 (7th Cir.1984), and a defendant need not show actual prejudice resulting from the plaintiff's dilatory conduct. Id. at 1238-39. Moreover, where the record of delay is clear, the district court is not required to warn the plaintiff or to impose lesser sanctions before dismissing the case. Lockhart v. Sullivan, 925 F.2d 214, 219 (7th Cir.1991); Daniels v. Brennan, 887 F.2d 783, 788 (7th Cir.1989).
 
 
 15
 Dismissal for failure to prosecute is reviewed only for an abuse of discretion. Lockhart, 925 F.2d at 217; Daniels, 887 F.2d at 785. In reviewing such a dismissal, this court considers the procedural history of the case as well as its status at the time it was dismissed. Lowe v. City of East Chicago, 897 F.2d 272, 274 (7th Cir.1990); Roland, 811 F.2d at 1177. For an abuse of discretion to occur, the district court's decision must strike this court as fundamentally wrong. Anderson v. United Parcel Service, 915 F.2d 313, 315 (7th Cir.1990).
 
 
 16
 As the district court found, a period of sixty-four months elapsed between the time the court entered its stay pending arbitration and the date Shields submitted his claim. In an attempt to excuse this clearly dilatory conduct, Shields points to his automobile accident of January, 1990, which occurred nearly four years after the district court stayed proceedings. Thus, even if the automobile accident were as serious as Shields claims, it fails to excuse nearly four years of neglect in proceeding with arbitration as agreed upon by both parties. Furthermore, Shields did not attempt to contact Shearson to arrange for arbitration until approximately eighteen months after the stay was entered, and finally contacted the NYSE to obtain the necessary documents to begin proceedings seven months later. Shields presents no excuse for this delay, except to blame his attorney. Shields is, however, bound by the actions of his freely chosen counsel. See, e.g., Pyramid Energy, Ltd. v. Heyl & Patterson, Inc., 869 F.2d 1058, 1061 (7th Cir.1989).
 
 
 17
 It may also be noted that although a showing of actual prejudice is not required to uphold dismissal, see Washington, 734 F.2d at 1239, in this case Shearson argues that Shields' delay has prejudiced Shearson, since Shearson may now be unable to produce records crucial to its defense. Shearson was, however, on notice that litigation was pending and could have taken steps to preserve those records.
 
 CONCLUSION
 
 18
 Since Shields failed to initiate arbitration proceedings for a period of five years or to take any steps whatsoever toward that goal for over eighteen months, the district court did not abuse its discretion in dismissing Shields' claim.
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 A claim against co-defendant Prudential-Bache Securities, Inc. was dismissed on April 29, 1986 at Shield's request