William Hallam WEBBER,
Plaintiff-Appellant,

v.

The EYE CORPORATION,
Defendant-Appellee.

No. 82–3020.

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 4, 1983.

Decided Oct. 26, 1983 *.

Opinion Nov. 28, 1983.

* This appeal was originally decided by unreported order on October 26, 1983. See Circuit Rule

35. The Court has subsequently decided to issue the decision as an opinion.

Gerald P. Kenney, Jann, Carroll, Sain & Dolin, Chicago, Ill., for plaintiff-appellant.

Joseph A. Spitalli, Simon & Spitalli, Chicago, Ill., for defendant-appellee.

Before WOOD, POSNER and FLAUM, Circuit Judges.

PER CURIAM.

Plaintiff-appellant, William Webber, appeals from an order of the district court dismissing two claims of his complaint for failure to prosecute and one claim for want of jurisdiction. We reverse and order the case reinstated on the district court calendar.

## I.

A dismissal of an action for failure to prosecute, whether pursuant to Rule 41(b)[1] or under the district court's inherent power to control its own docket, *see Link v. Wabash Railroad Co.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962), will not be disturbed by this court in the absence of an abuse of discretion. *Id.; Locascio v. Teletype Corp.,* 694 F.2d 497, 499 (7th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1876, 76 L.Ed.2d 808 (1983). In reviewing a case dismissed for failure to prosecute, this court looks at the "peculiar procedural history and the situation at the time of dismissal." *Sandee Manufacturing Co. v. Rohm & Haas Co.,* 298 F.2d 41, 43 (7th Cir.1962). Because our review is primarily factually-oriented, the facts of this case will be reviewed in detail.

Plaintiff is in the business of buying and selling rare books. On January 25, 1980, Webber purchased from defendant ten paintings attributed to Arthur Szyk for $4,400. Plaintiff subsequently discovered that the paintings were not painted by Szyk, but were imitations. On May 7, 1981, Webber filed a complaint, alleging that defendant breached its express warranty of authenticity (plaintiff's first claim) and its implied warranties of merchantability and

---

1. Fed.R.Civ.P. 41(b) provides that an action or any claim may be dismissed "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court."

fitness for a particular purpose (plaintiff's second claim). Webber also alleged, in a third claim, that defendant induced him to purchase the paintings by misrepresenting that they were original Szyks. Plaintiff requested damages of $18,000 for each of the first two claims (including the profit plaintiff allegedly lost because he was unable to resell them to a third party) and punitive damages of $100,000 on the third claim.

Defendant denied the material allegations of the complaint and both parties proceeded with discovery. A court order dated June 29, 1982 placed the case on the list of cases ready and awaiting trial. An order entered after a pretrial conference held on July 20, 1982 reiterated this fact. On November 3, 1982, the court notified the parties by telephone that the case was scheduled for trial on November 8. Plaintiff's attorney attempted to contact his client, but was informed that Webber was on a book-buying trip in the northeast United States and would be attending a book fair in Boston from November 11 to November 14. After plaintiff's counsel informed the court of this fact, the case was reset for trial on November 12 by an order dated November 5.[2] The order stated that "[n]o more extensions of trial will be allowed." On Wednesday, November 10, plaintiff's attorney appeared before the district court, stated that plaintiff would be available and ready for trial beginning the next Monday and moved for a continuance. Plaintiff's attorney indicated that his client would not be able to be in court on November 12

because plaintiff was attending a book fair in Boston and it would be "economically devastating" to Webber to miss the book fair. The court denied plaintiff's motion and ordered the trial to go ahead as scheduled.

On the day of the scheduled trial, plaintiff's counsel informed the court that plaintiff was unable to attend and requested the court to grant a voluntary dismissal of the case, without prejudice, under Rule 41(a), Fed.R.Civ.P. The court denied the motion and granted defendant's motion to dismiss with prejudice for failure to prosecute the case diligently as to the second and third claims of the complaint. The court dismissed the first claim for failure to meet the $10,000 minimum jurisdictional amount required by 28 U.S.C. § 1332(a) (1976).

## II.

■ A dismissal with prejudice is a harsh sanction which should usually be employed only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing. *Ellingsworth v. Chrysler,* 665 F.2d 180, 185 (7th Cir.1981); *Boazman v. Economics Laboratory, Inc.,* 537 F.2d 210, 212 (5th Cir.1976). "The sanction of dismissal is the most severe sanction that a court may apply, and its use must be tempered by a *careful* exercise of judicial discretion." *Durgin v. Graham,* 372 F.2d 130, 131 (5th Cir.), *cert. denied,* 388 U.S. 919, 87 S.Ct. 2139, 18 L.Ed.2d 1365 (1967).

**2.** The precise sequence of events that resulted in rescheduling the trial for November 12 is unclear from the briefs and the record. Plaintiff claims that the court chose the new date; defendant asserts that the plaintiff's attorney requested the November 12 date. Although the latter explanation, if true, makes plaintiff appear more dilatory in presenting his case, our result would still be the same. Even assuming, *arguendo,* that defendant's account is true, dismissal is too severe a penalty; plaintiff should not be deprived of his day in court when there is no evidence in the record that he was connected with or responsible for his attorney's mistake in requesting a new trial date when plaintiff could not attend and the procedural history of the case does not indicate a lack of

desire to prosecute the action. *See Flaksa v. Little Marine Construction Co.,* 389 F.2d 885, 889 (5th Cir.), *cert. denied,* 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968). "While we are mindful of the fact that a client is to be held accountable for his attorney's conduct ... we have been less willing to affirm the harsh sanction of dismissal with prejudice where the plaintiff was not actually culpable." *Rogers v. Kroger Co.,* 669 F.2d 317, 322 (5th Cir.1982) (citations omitted). If plaintiff's attorney was at fault in erroneously requesting the November 12 trial date, the appropriate response, in light of the procedural history of the case, would be less severe sanctions imposed on the attorney, such as imposition of costs and expenses or attorney disciplinary proceedings.

■ Although the delay of the trial from its scheduled date was undoubtedly plaintiff's fault, the record does not indicate "a clear record of delay or contumacious conduct," *Boazman v. Economics Laboratory, Inc.,* 537 F.2d at 212, that would justify the extreme sanction imposed by the district court without considering the possibility of less severe sanctions, such as imposition of costs. The circumstances here do not reflect a "lack of prosecutive intent" on plaintiff's part. *Beshear v. Weinzapfel,* 474 F.2d 127, 131 (7th Cir.1973).

Before his requests for a continuance, plaintiff had not been prodded by the trial court to expedite his case; indeed, there is little in the record to support the contention that plaintiff had not "facilitated expeditious movement toward trial," *Locascio v. Teletype Corp.,* 694 F.2d at 498, prior to receiving the first notice that a trial date had been scheduled. For example, plaintiff's attorney indicated to the court on November 10 that plaintiff would be prepared to go to trial the next week. Prior to the scheduled trial date, the district court held eight pretrial and status conferences in this case. Plaintiff's attorney attended every one. The court ordered the parties to attend the final pretrial conference before trial, apparently to facilitate settlement of the case. Plaintiff did not attend, but his attorney informed the court of that fact before the conference and the court agreed that Webber's absence would not prejudice his case. Only one conference was postponed by request of the parties: the court rescheduled a pretrial conference, and extended discovery, on *defendant's* motion of December 3, 1981. The original trial date was June 10, 1982; the case was removed from the trial calendar when it was assigned to a different judge. The only significant evidence of delay, prior to November 5, pointed to by defendant in its brief is plaintiff's alleged refusal to provide it with the names of plaintiff's expert witnesses to be used at trial. Plaintiff contends the names were provided to defendant. Even

if the identities of the witnesses were not provided to defendant, the procedural history of this case, considered in its entirety, does not demonstrate that plaintiff has not been diligent in prosecuting the case; a single failure by plaintiff to provide the names of prospective witnesses is insufficient, in this factual context, to establish a clear record of delay or contumacious conduct.[3]

■ There is no evidence that the district court considered plaintiff's excuse for not being in court on November 12 a subterfuge. *Compare Wojton v. Marks,* 344 F.2d 222 (7th Cir.1965). Moreover, the case was barely eighteen months old when dismissed by the district court. A dismissal with prejudice is particularly disfavored with relatively young cases, such as the one before us. *See, e.g., Raiford v. Pounds,* 640 F.2d 944 (9th Cir.1981) (dismissal of case nearly a year old for failure to file timely pretrial order reversed and remanded for consideration of less severe sanctions); *Tolbert v. Leighton,* 623 F.2d 585 (9th Cir.1980) (dismissal for failure to appear at a status conference set for a date less than seven months after the filing of the complaint reversed and remanded for consideration of less severe sanctions); *Gonzalez v. Firestone Tire & Rubber Co.,* 610 F.2d 241 (5th Cir.1980) (dismissal less than ten months after complaint filed held to be an abuse of discretion; only one court order disobeyed, with a single failure to attend a pretrial conference); *Schenck v. Bear, Stearns & Co., Inc.,* 583 F.2d 58 (2d Cir.1978) (dismissal of thirteen-month old case, when plaintiff's counsel had been inactive for eleven months, held to be an abuse of discretion); *Flaksa v. Little Marine Construction Co.,* 389 F.2d 885 (5th Cir.), *cert. denied,* 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968) (dismissal of case less than one year old held to be an abuse of discretion, although plaintiff's counsel delayed eight months in pursuing case and appeared at pretrial conferences unprepared).

---

**3.** We do not mean to imply that plaintiff did not provide defendant with the names of his expert witnesses. The record is ambiguous

and we express no opinion as to this disputed factual matter.

Decisions of this court have upheld dismissals with prejudice for failure to be prepared for trial when the plaintiff either had much more notice of the trial date than was given here or plaintiff's course of conduct was more indicative of a lack of diligence in prosecuting the case. *See, e.g., Esteva v. House of Seagram, Inc.,* 314 F.2d 827 (7th Cir.), *cert. denied,* 375 U.S. 826, 84 S.Ct. 70, 11 L.Ed.2d 59 (1963) (seven year old case, set for trial approximately one month in advance, dismissed after plaintiff couldn't testify the first day of trial due to lack of sleep and plaintiff and his attorney failed to appear for the second day of trial; in addition, the case had to be continued on numerous other occasions due to plaintiff's inability to be ready for trial and plaintiff's attorney was habitually late); *Jameson v. Du Comb,* 275 F.2d 293 (7th Cir.1960) (dismissal with prejudice affirmed where the parties had four and one-half months' notice of the trial date).

We have not found cases in other jurisdictions affirming a dismissal based upon a failure to be prepared for a trial of which the parties had such short notice. In *Peterson v. Term Taxi Inc.,* 429 F.2d 888 (2d Cir.1970), the Second Circuit reversed an order dismissing for failure to prosecute. The court clerk informed the parties on a Friday afternoon that the case would definitely be called for trial at 10:00 a.m. the next Monday. Earlier that Friday afternoon, plaintiff had left town after being informed by his attorney's office that the case had not been set for a definite date or time. The attorney was unable to reach plaintiff over the weekend. Plaintiff arrived back in town on Monday morning, went straight to the courthouse and arrived less than a hour after his case had been dismissed. The court of appeals, while noting that the plaintiff improperly left town without clearing it with his attorney and the court, found that the district court abused its discretion. As in the instant case, plaintiff's counsel in *Peterson* was ready for trial and would have proceeded had plaintiff been in court. Furthermore, the trial court had available to it lesser sanctions short of dismissal. *See also Rich-*

*man v. General Motors Corp.,* 437 F.2d 196 (1st Cir.1971) (dismissal for failure to prosecute held to be an abuse of discretion where plaintiff's attorney learned for the first time a week before trial that none of his experts would be available on the trial date; other factors included the fact that the case was only nineteen months old at the time of dismissal, this was the first time the case was reached for trial and there was no indication that defendant would be harmed by the requested delay).

Finally, there is no evidence that defendant would have been unduly harmed or prejudiced had the court granted plaintiff's request for a continuance. While defendant's witnesses may have been inconvenienced by postponing the trial, the harm to plaintiff in being barred from presenting his case is much greater.

We understand the district court's concern in disposing of its caseload expeditiously. However, justice is often "impaired by such close inflexible attention to the docket." *Peterson v. Term Taxi Inc.,* 429 F.2d at 891. There is a well-established public policy favoring hearing cases on the merits:

> While not unmindful of the ever increasing load of litigation in all courts, both federal and state, we agree that courts have been created for the very purpose of trying cases on their merits and that dismissals with prejudice and default judgments should not be utilized as a handy instrument for lessening the case load burden.

*Beshear v. Weinzapfel,* 474 F.2d at 132. We hold that the district court abused its discretion in dismissing the second and third claims of plaintiff's complaint for failure to prosecute.

### III.

The district court also erred in dismissing plaintiff's first claim for want of jurisdiction. Plaintiff asked for damages totaling $18,000 in his first claim. This figure was based upon profits plaintiff would have made if he had been able to resell the paintings as original Szyks to a third party, as he had contracted to do.

Federal district courts have jurisdiction in diversity actions where the amount in controversy exceeds the sum or value of $10,000, exclusive of interest and costs. 28 U.S.C. § 1332(a) (1976). The Supreme Court stated the test for determining the jurisdictional minimum in *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288–89, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938): "The rule governing dismissal for want of jurisdiction in cases brought in the federal court is that, unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Plaintiff's claim appears to be made in good faith. A buyer may recover lost profits from a breaching seller in certain situations. *See* Uniform Commercial Code, § 2–715, comment 6; *Hadley v. Baxendale,* 9 Ex. 341, 156 Eng.Rep. 145 (1854). Consequently, we cannot say to a legal certainty that plaintiff's first claim is for less than $10,000.

### IV.

For the foregoing reasons, we reverse the order of the district court and remand for further proceedings consistent with this order.[4]

---

**4.** On remand, we direct the district court to reassign this case to a different judge pursuant to Circuit Rule 18. The new judge, of course, will have full discretion to control the scheduling of the case for trial. Should scheduling problems arise again, the district court should consider the entire procedural history of the case, including this appeal, in deciding upon appropriate sanctions.

Finally, we wish to emphasize that in reversing the district court's order, we do not mean to imply any opinion on the merits of the case.