Carol A. BEESON and Dora M. Shepherd, Plaintiffs–Appellants,

v.

Levi SMITH, Defendant–Appellee.

No. 89–1545.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 5, 1989.

Decided Jan. 24, 1990.

As Amended Jan. 26, 1990.

Stephen J. McMullen (argued), Harvey L. Walner & Associates, Robert Habib (argued), Chicago, Ill., for plaintiffs-appellants.

David Santori, Chicago, Ill., Bryon L. Matten, Oak Brook, Ill., for defendant-appellee.

Before COFFEY and RIPPLE, Circuit Judges, and DUMBAULD *, Senior District Judge.

DUMBAULD, Senior District Judge.

Appellants Carol A. Beeson and Dora M. Shepherd, residents of Mississippi and Tennessee, respectively [1], appeal the District

---

* The Honorable Edward Dumbauld, United States Senior District Judge of the Western District of Pennsylvania, sitting by designation.

1. The complaint alleges both plaintiffs were residents of Mississippi, but Shepherd's deposition gives her residence as Tennessee.

Court's denial of their motion to vacate a default. They were passengers involved in a collision in Illinois with a vehicle driven by appellee Smith. While recognizing that in principle such a motion is discretionary, we reverse and find "abuse of discretion" in accordance with the practice of reviewing courts to avoid the drastic consequence to clients of denial of their day in court, when a more appropriate remedy would have been sanctions against their attorney for his desultory and offhand handling of their case.

The basic principle that a District Court has inherent discretionary power "of ancient origin ... at common law" to dismiss a case for failure to prosecute diligently was set forth by Justice Harlan in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30, 633, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962).[2]

Nevertheless we have reversed refusals to vacate default judgments where the neglect does not amount to wilfulness and a substantial case on the merits is demonstrated. *Passarella v. Hilton International Co.*, 810 F.2d 674, 675–76 (7th Cir. 1987); *Schilling v. Walworth County*, 805 F.2d 272, 274–75 (7th Cir.1986).

We turn to a consideration of the course of events and the action taken by Judge Duff which we conclude was unnecessarily drastic and foreclosed appellants' opportunity to litigate the merits of their claim for damages for personal injuries.

We note that plaintiffs did travel to Chicago where their depositions were taken and filed on March 14, 1989. They were also examined by defendant's physician. Defendant's deposition and that of the driver of the pickup truck in which plaintiffs were traveling were also taken.[3] In plaintiffs' motion of February 13, 1989, to vacate default, plaintiffs announced they were ready for trial.

We are satisfied that the appellants have an arguably meritorious claim appropriate for resolution by the trier of fact. Judge Duff noted for the record[4] that plaintiffs' attorney at a settlement conference said the plaintiffs had had broken legs but the file contradicted this assertion; and that the lawyer had never talked with his clients but put forward a demand of $300,000 when the specials were only $4,000. These circumstances certainly demonstrate questionable representation by counsel, but do not negate the possibility of damages in some amount[5] upon proof as to liability.[6]

Other significant indicia of inadequate and inattentive representation by counsel are the facts that on December 2, 1988, plaintiffs' attorney failed to appear for status call, and the case was dismissed. This default was vacated on January 10, 1989.

Appellants' attorney again failed to appear on February 13, 1989. The cause was again dismissed for want of prosecution, with prejudice. Ten days later appellants' attorney again moved to vacate the dismissal. He sought to put the blame for his non-appearance on February 13, 1989, upon his secretary, who mistakenly supposed that Lincoln's Birthday was being celebrated on that date in Federal as well as State court. Hence the case was not listed on the firm's call sheet for that date (although numerous other cases for other attorneys in the firm were).

But the attorney's own affidavit shows that "the 2/13/89 Status date" was docketed "in *my* docket book" [Italics supplied] so that her failure to list it "on the Law Firm's Attorney Call sheet" was no excuse for his own inattention.

---

**2.** Where warranted by the facts, it is clear that clients are bound on agency principles by their attorney's actions or inaction. *Ibid.*, at 633–34, 82 S.Ct. at 1390–91.

**3.** These depositions were not docketed on appeal. Appellants' depositions contain no evidence regarding negligence of either driver.

**4.** Transcript of February 13, 1989, p. 4.

**5.** Damages for loss of earnings would not be substantial, as both appellants (as shown by their depositions) were unemployed at the time of the collision They were then enroute to a carnival where they expected to obtain temporary employment. They both did sustain injuries requiring hospitalization and possibly resulting in impairment of future earning power.

**6.** See note 3, *supra*.

On February 23, 1989, Judge Duff denied appellants' motion to vacate the second dismissal,[7] and the instant appeal ensued.

In view of the foregoing, it does not seem as if the appellants themselves engaged in any sophisticated contumacious scheme to delay the course of justice. Their counsel rather was responsible for handling the progress of their case, and should be held responsible, by sanctions, if deemed appropriate, for the repeated mishandling which the record reveals. The judgment of the District Court is therefore reversed, and the cause remanded for further proceedings. Rule 36 shall be applicable.

REVERSED AND REMANDED.

---

7. Transcript of February 23, 1989, pp. 4–5.