**Nestor DEL CARMEN,
Plaintiff–Appellant,**

v.

**EMERSON ELECTRIC COMPANY,
COMMERCIAL CAM DIVISION,
Defendant–Appellee.**

No. 89–1205.

United States Court of Appeals,
Seventh Circuit.

Argued June 19, 1990.

Decided July 19, 1990.

Rehearing and Rehearing In Banc
Denied Aug. 16, 1990.

Kenneth K. McNeil, Hubbard & Mahmoud, Chicago, Ill., for plaintiff-appellant.

James J. Convery, Carl S. Tominberg, Michael J. Ranallo, Laner, Muchin, Dombrow & Becker, Chicago, Ill., Jeffrey Carius, St. Louis, Mo., for defendant-appellee.

Before COFFEY and RIPPLE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

COFFEY, Circuit Judge.

Plaintiff–Appellant, Nestor Del Carmen, filed a motion to reinstate his cause of action for employment discrimination, which was dismissed for want of prosecution. The district court denied relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Del Carmen appeals from the denial of the motion.

## I.

On December 23, 1986, Del Carmen filed his complaint alleging employment discrimination under Title VII of the Civil Rights Act of 1964 and under 42 U.S.C. §§ 1981, 1982, and 1983. On April 8, 1987, the defendant filed a motion to dismiss plaintiff's § 1981, § 1982, and § 1983 claims. On June 9, 1987, the district court granted the motion to dismiss as it related to those claims, leaving only the plaintiff's Title VII claim for resolution. On July 17, 1987, the defendant filed its answer.

On September 16, 1987, the plaintiff's case was dismissed for want of prosecution pursuant to Rule 21 of the General Rules

for the United States District Court for the Northern District of Illinois (General Rules), after the plaintiff's attorney failed to appear at a status conference. The district court minute order concerning the dismissal provided that the plaintiff had until October 16, 1987, to file a motion to reinstate. The plaintiff filed a motion to reinstate on October 14, 1987; however, when the motion was filed it was not accompanied by a notice of motion, or a minute order, as required by Rules 12(a) and 12(g) of the General Rules.[1] In the affidavit attached to the motion to reinstate, the plaintiff's attorney, H. Nasif Mahmoud, indicated that he had missed the status conference "inadvertently".

Nothing happened with the motion to reinstate until over a year later on October 19, 1988, when a notice of motion was filed requesting a hearing. In a minute order dated October 26, 1988, the district court ordered the plaintiff to substitute a motion for relief from judgment under Rule 60(b) for his motion to reinstate. The plaintiff refiled the motion to reinstate and included a memorandum emphasizing that the motion was seeking relief from the judgment of dismissal, alleging that the denial of relief would visit an unduly harsh result upon the plaintiff by precluding consideration of the merits of the case. In the memorandum, plaintiff's counsel attempted to explain the one-year delay between the time that the motion was filed in the district court and the request was made for a hearing by stating that he had moved his law office and temporarily misplaced the file. In addition, the plaintiff's counsel argued that in spite of the requirement that a notice of motion accompany any motion filed in the Northern District of Illinois, the rule did not restrict the time in which a properly filed motion may be called to the calendar, nor did it specify the sanction that would result from noncompliance.

The district court denied the motion for relief from judgment indicating that the failure to call the motion to the calendar for one year, in accordance with the requirements of the General Rules, made the filing of October 1987 a nullity. The district court concluded that the filing date of the motion for relief from judgment was actually October 19, 1988 (the date that the motion was called to the calendar); therefore, the motion was untimely in that it was filed more than one year after the entry of judgment. *See* Fed.R.Civ.P. 60(b)(1). The district court stated, however, that it was not relying solely on the untimeliness of the motion as the basis for its denial, rather, the court also denied plaintiff's motion because of his failure to satisfy the prerequisites for relief under Rule 60(b). The district court noted that, at best, the plaintiff's arguments advanced only negligence as a basis for relief and, as such, were insufficient to support relief from judgment.

## II.

■ Initially, we must address the issue of whether the motion for relief from judgment was timely filed. The defendant maintains, and the district court agreed, that the failure of the plaintiff to file the notice of motion with the motion to reinstate resulted in that motion having no legal effect. Under this interpretation, the motion to reinstate was actually a motion for relief from the judgment of dismissal. It was filed when the plaintiff presented his notice of motion on October 19, 1988; therefore, the motion was untimely, because it was filed more than one year after the entry of judgment. Although the district court indicated that it was inclined to agree that the failure to file the notice of motion made the 1987 filing a nullity, it appears that the court's principal concern was that the defendant was not apprised of the motion when it was filed. The district court's concern in that respect was apparently misplaced, however, because the defendant admits in its brief on appeal that it was served with the motion in October 1987. Brief of Defendant–Appellee at 12 n. 6.

---

**1.** The references to the General Rules of the Northern District of Illinois in this case all refer to the version of the Rules in effect in 1987.

Neither the district court nor the defendant cite to any authority for the proposition that in order for a motion to be "filed" in the district court it must be noticed for a hearing as well as delivered to the court. The General Rules that were in effect in 1987 undeniably required that a notice of motion be filed two days prior to the day that the motion was to be presented in open court. Nonetheless, at all times relevant to this appeal, Rule 12 did not expressly provide what effect that requirement had on the determination of when a motion was filed.[2]

In light of the absence of any clear language in General Rule 12 that filing required more than delivery to the district court, we cannot agree with the district court's conclusion that the original motion to reinstate, filed twenty-eight days after the judgment, was insufficient to satisfy the time requirements of Rule 60(b). Although the one-year delay between the filing of the motion and the filing of the notice requesting a hearing is problematic, we believe that the motion to reinstate, filed within the time allotted by the district court for reinstatement, was timely and must therefore be considered on its merits.

### III.

■ Our review of the district court's denial of the motion for relief from judgment is a limited one. "Relief from judgment under Rule 60(b) may be granted at the broad discretion of the trial judge, *Lomas and Nettleton v. Wiseley*, 884 F.2d 965, 967 (7th Cir.1989), and the court's determination may only be reversed upon an abuse of that discretion. *Williams v. Hatcher*, 890 F.2d 993 (7th Cir.1989)." *Reinsurance Co. of America v. Adminstratia Asigurarilor de Stat*, 902 F.2d 1275, 1277 (7th Cir.1990). " [A]buse of discretion in denying a 60(b) motion is established only when no reasonable person could agree with the district court; there is no abuse of discretion if a reasonable person could disagree as to the propriety of the court's action.' " *Reinsurance Co.*, 902 F.2d at 1277 (quoting *McKnight v. United States*, 726 F.2d 333, 335 (7th Cir.1984)). This court has also noted that relief from judgment under Rule 60(b) is "warranted 'only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust.' " *3 Penny Theater Corp. v. Plitt Theatres, Inc.*, 812 F.2d 337, 340 (7th Cir. 1987) (quoting *Margoles v. Johns*, 798 F.2d 1069, 1073 (7th Cir.1986)).

■ It is well-settled that a motion under Rule 60(b) is not a substitute for an appeal, therefore, in this instance, it is the district court's decision denying 60(b) relief which we are to review and not the dismissal for want of prosecution. This court has stated that in reviewing the district court's ruling on a Rule 60(b) motion, " 'we can only consider whether the denial of the motion was an abuse of discretion; we cannot reach the merits of the underlying judgment.' " *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 607 (7th Cir.1986) (quoting *Marane, Inc. v. McDonald's Corp.*, 755 F.2d 106, 112 (7th Cir.1985)). Nonetheless, in the case of *Beshear v. Weinzapfel*, 474 F.2d 127 (7th Cir.1973), this court recognized that as a practical matter, whether there is a direct appeal from the dismissal for want of prosecution or an appeal from the denial of a Rule 60(b) motion, "the district court will not be reversed in the absence of an abuse of discretion." *Id.* at 130. The *Beshear* court thus noted that the review of a denial of a Rule 60(b) motion is somewhat collapsed into a review of the dismissal. To the extent that the 60(b) motion is intended to bring to the attention of the trial court alleged errors in its ruling on the dismissal for want of prosecution it is similar to an appeal; therefore, although the appeal of the denial of the Rule 60(b) motion primarily challenges the district court's decision denying relief from judgment, it also asserts a challenge to the merits of the underlying dis-

2. The General Rules were amended, effective October 1988, and the current version of Rule 12 provides that when a motion must be filed within a specified time, the date of filing is the date that the advance copies of the motion are delivered to the clerk, minute clerk, or chambers in accordance with Rule 12(f) and the notice of motion is delivered to the court.

missal necessitating review of the underlying judgment, albeit narrower review. *Beshear,* 474 F.2d at 130.

In *Beeson v. Smith,* 893 F.2d 930 (7th Cir.1990), this court addressed a case very similar to the instant case. In *Beeson,* the plaintiff's case was dismissed for a second time after the plaintiff's attorney missed a status conference. Plaintiff's counsel had previously failed to appear at a status conference, resulting in the dismissal of the case. The district court granted a motion to vacate the first dismissal. After the case was dismissed for the second time, the plaintiff filed a second motion to vacate, but the district court denied relief. Plaintiff, thereafter, filed an appeal.

The *Beeson* court concluded that "the action taken by [the district court] was unnecessarily drastic and foreclosed [the plaintiffs'] opportunity to litigate the merits of their claim for damages for personal injuries." 893 F.2d at 931. Despite the fact that the case had been dismissed twice for plaintiff's counsel's failure to appear at a status conference, the *Beeson* court reversed the district court's denial of relief, finding an "abuse of discretion in accordance with the practice of reviewing courts to avoid the drastic consequence to clients of denial of their day in court when a more appropriate remedy would have been sanctions against their attorney for his desultory and offhand handling of their case." *Id.*

The *Beeson* decision is cited with approval in *Lowe v. City of East Chicago,* 897 F.2d 272 (7th Cir.1990). In *Lowe,* the plaintiff's counsel was permitted to withdraw and the plaintiff was presented with the option of dismissing his case or proceeding to trial the next day unprepared, without the benefit of counsel. Plaintiff informed the district judge that he could not proceed pro se and the district court dismissed the case for want of prosecution.

The *Lowe* court found that the district court abused its discretion in dismissing the case, because "there [was] no history of 'contumacious conduct.'" 897 F.2d at 274. In so finding, the court noted that "the district court should consider less severe sanctions than dismissal for a party's non-compliance with court orders or failure to prosecute his or her claim expeditiously, unless 'there exists a clear record of delay or contumacious conduct or when less drastic sanctions have proven ineffective.'" *Id.* (quoting *Roland v. Salem Contract Carriers, Inc.,* 811 F.2d 1175, 1177 (7th Cir.1987)). In the absence of a pattern of dilatory conduct, the *Lowe* court determined that "the policy favoring hearing cases on their merits outweighed the district court's understandable concern for clearing its docket...." 897 F.2d at 275.

The case of *Schilling v. Walworth County Park & Planning Comm'n,* 805 F.2d 272 (7th Cir.1986), is also instructive on the issue presented in this case. The *Schilling* court noted that in reviewing the district court's dismissal, the appellate court must focus on the procedural history and the status of the case at the time of the dismissal. *Id.* at 275. In *Schilling,* the plaintiff's case was dismissed following his failure to participate in a single telephone status conference. The court concluded that a dismissal premised on a single transgression on the part of the plaintiff was an abuse of discretion. *Id.* at 276. The *Schilling* court cautioned that:

> [i]n the normal course of events, justice is dispensed by the hearing of cases on their merits; only when the interests of justice are best served by dismissal can this harsh sanction be consonant with the role of courts. We have previously indicated the limited appropriateness of the sanction of dismissal: "A dismissal with prejudice is a harsh sanction which should usually be employed only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Webber v. Eye Corp.,* 721 F.2d 1067, 1069 (7th Cir.1983) (citations omitted);.... Absent those circumstances, the careful exercise of judicial discretion requires that a district court consider less severe sanctions and explain, where not obvious, their inade-

quacy for promoting the interests of justice.

805 F.2d at 275 (other citations omitted).

Similarly, in *Webber v. Eye Corp.*, 721 F.2d 1067 (7th Cir.1983) (per curiam), this court found that the record of delay, contumacious conduct, or failed prior sanctions was insufficient to support the dismissal for want of prosecution. In *Webber*, the district court set a trial date during a business trip that the plaintiff had scheduled. Apparently, the plaintiff's attorney sought and received a change to an alternate date; however, it still conflicted with the plaintiff's schedule. Plaintiff's attendance would have worked a severe financial hardship upon him; nonetheless, the district court would not change the trial date. When the plaintiff failed to appear on the first day of the trial, the case was dismissed for want of prosecution. The *Webber* court concluded that the extreme sanction of dismissal was not justified by the record, emphasizing that the circumstances of the case did not reflect a lack of prosecutive intent on the part of the plaintiff. *Id.* at 1070.

Turning to the facts of the case at bar, we conclude that the district court abused its discretion in denying relief from judgment. It is well-settled that Rule 60(b) relief is warranted where there is substantial danger that the underlying judgment is unjust. The parallels between this case and *Webber, Schilling, Lowe,* and *Beeson* indicate that, as in those cases, the record of delay or contumacious conduct herein was wholly insufficient to warrant dismissal. The dismissal in this instance is even more severe in light of the fact that the case had only been pending for approximately nine months at the time of the dismissal. *See Webber,* 721 F.2d at 1070 (dismissal is particularly disfavored with relatively young cases).

Although the one-year delay in calling the motion to the calendar is inexcusable, it is of limited importance with respect to the 60(b) motion. In determining whether relief from judgment was warranted in this case, it was incumbent upon the district court to consider whether the record at the time of dismissal supported the imposition of such a severe sanction on the plaintiff. The single failure on the part of plaintiff's counsel to attend a status conference, without more, does not satisfy the threshold showing of delay, contumacious conduct, or failed prior sanctions to deny the plaintiff an opportunity to have his case decided on the merits. As in *Beeson,* the attorney's mishandling of the case evidenced by the delay in noticing the motion would seem to be more appropriately remedied through the imposition of some other type of sanction on the plaintiff's counsel.

### ·IV.

The well-established public policy favoring hearing cases on the merits, dictates that where, as in this instance, a clear record of dilatory conduct prior to the dismissal is lacking, the district court's denial of the Rule 60(b) motion is an abuse of discretion. The decision is, therefore, reversed and the cause is hereby remanded to the district court for further proceedings consistent with this opinion.

REVERSED.