925 F.2d 1468
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Kenneth JAWORSKI, Plaintiff-Appellant,
v.
Thomas BORGEN, Mark Towne, and Lieutenant Torsella, et al.,
Defendants-Appellees.
 No. 90-2192.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 13, 1991.*
Decided Feb. 15, 1991.
 
 Before BAUER, Chief Judge, and CUMMINGS, Circuit Judge, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Appellant Kenneth Jaworski, an inmate at the Waupun Correctional Institution, filed a civil rights action under 42 U.S.C. Sec. 1983 alleging that his constitutional rights were violated by the appellees when they placed him on "temporary lock-up status." Specifically, Jaworski alleged that the defendants failed to follow their own procedures found in Wisconsin Administrative Code Sec. HSS 303.11, which he claimed created a constitutionally protected liberty interest.
 
 
 2
 On March 23, 1990, the district court granted summary judgment to the defendants based on our decision in Russ v. Young, 895 F.2d 1149 (7th Cir.1990), which held that Wisconsin Administrative Code Sec. HSS 303.11 does not create a liberty interest. Jaworski did not appeal the district court's grant of summary judgment. Instead, on April 25, 1990, Jaworski filed a motion to reconsider under Federal Rule of Civil Procedure 60(b). In his motion to reconsider, Jaworski argued that this court wrongly decided, and the district court erroneously relied on, the opinion in Russ. The court denied the motion for reconsideration, and it is that decision which Jaworski appeals.[1]
 
 
 3
 This court will reverse a district court's denial of a Rule 60(b) request for relief from judgment only in extraordinary circumstances upon a showing that the district court abused its discretion. Del Carmen v. Emerson Elec. Co., 908 F.2d 158, 161 (7th Cir.1990). It is well settled in this circuit that a "[p]laintiff may not, however, use Rule 60(b) to correct alleged errors of law by the district court which may have been raised by filing a timely appeal from the court's dismissal of plaintiff's complaint." McKnight v. United States Steel Corp., 726 F.2d 333, 337 (7th Cir.1984). See also Parke-Chapley Const. Co. v. Cherrington, 865 F.2d 907, 914-15 (7th Cir.1989). Jaworski's motion for reconsideration clearly presents only a question of law which cannot be challenged by a Rule 60(b) motion. Thus, Jaworski's only avenue for redress was filing a timely appeal of the district court's grant of summary judgment. He did not do this.
 
 
 4
 The district court did not abuse its discretion when it denied appellant's Rule 60(b) motion for reconsideration. The decision of the district court is
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Rule 34(a), Fed.R.App.P.; Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 In an order dated July 26, 1990, this court dismissed the appeal in part, finding that it lacked jurisdiction to review the judgment on the merits, entered by the district court on March 23, 1990, because Jaworski did not file a timely appeal of that judgment. The order specifically limited the issue on this appeal to the district court's denial of his Rule 60 motion