924 F.2d 1061
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Tom KOULOURIS, Plaintiff-Appellant,
v.
Hymen P. CHALMERS, Andy Nanos, and Electronics, Missles &
Communications, Incorporated, Defendants-Appellees.
 No. 90-1087.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 20, 1990.*
Decided Feb. 4, 1991.
Rehearing Denied May 22, 1991.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and GRANT, Senior District Judge**.
 
 ORDER
 
 2
 Plaintiff-Appellant, Tom Koulouris, filed a motion to vacate the dismissal for want of prosecution of his cause of action, alleging various claims under federal securities laws, the Racketeer Influenced and Corrupt Organizations Act (RICO), and Illinois common law. The district court denied the motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Koulouris appeals from the denial of his motion to vacate.
 
 I.
 
 3
 On January 27, 1989, Koulouris filed his complaint in the district court. The case was assigned to Judge Aspen. On May 3, 1989, the plaintiff filed an amended complaint. Two other similar cases were pending in the district court against the same defendants, before Judge Conlon and Judge Williams respectively. These three cases were consolidated before Judge Williams for purposes of discovery only. In late February 1989, the defendants served the plaintiff with interrogatories and a document request. The defendants maintain that the plaintiff never responded to their discovery requests and failed to cooperate with discovery, although there is no indication in the record that the defendants filed a motion to compel discovery. Pursuant to the Standing Order on Pretrial Procedure, Judge Williams ordered that discovery be completed by June 30, 1989.
 
 
 4
 During this time period, the defendants took the deposition of one of the plaintiff's counsel, and, based upon information garnered in the deposition, filed a motion to disqualify counsel. At a hearing before Judge Williams on June 16, 1989, plaintiff's counsel was disqualified. Judge Williams gave the plaintiff until July 14, 1989 to obtain new counsel. Judge Williams also granted the defendants' motion to stay discovery until such time as the plaintiff obtained new counsel. The record reveals that despite his efforts, the plaintiff did not obtain new counsel, and following a second status conference in front of Judge Williams, she extended the time to obtain counsel until August 1, 1989. Plaintiff still was not represented by counsel in two additional appearances before Judge Williams on August 18, 1989, and September 8, 1989, respectively.
 
 
 5
 On May 22, 1989, the defendants filed a motion for judgment on the pleadings on three counts of the plaintiff's amended complaint, alleging that the counts were time-barred. In an order of August 15, 1989, Judge Aspen denied the motion for judgment on the pleadings and set a status hearing for August 25, 1989. Plaintiff appeared at the status hearing without counsel. Judge Aspen set another status conference for the following week warning the plaintiff that "[i]f your attorney is not here, we will dismiss this case with leave for you to pursue it if you get an attorney, but you have to have an attorney represent you." Transcript of Status Hearing of August 25, 1989 at pp. 2-3.
 
 
 6
 On September 1, 1989, another status hearing was held before Judge Aspen. At that time, the plaintiff appeared with an attorney who was considering whether he would represent the plaintiff in this case. The attorney informed Judge Aspen that he needed additional time to make the decision on representation. Judge Aspen set a status hearing for September 25, 1989, and warned the plaintiff that "[t]he case will be dismissed for want of prosecution if there is no representation at that time." Transcript of Status Hearing of September 1, 1989 at p. 2. On September 24, 1989, the attorney considering the case informed the plaintiff that he still had not made a decision on representation. Neither the plaintiff nor an attorney appeared at the September 25th status call, and as he warned, Judge Aspen dismissed the case for want of prosecution. Plaintiff thereafter retained a different attorney than the one who had been reviewing the case. On October 27, 1989, that attorney filed a motion to vacate the judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Judge Aspen denied the motion, stating that the plaintiff had failed to demonstrate the exceptional circumstances necessary to support relief from judgment under Rule 60(b).
 
 II.
 
 7
 We review the district court's denial of relief from judgment for an abuse of discretion. Relief from judgment is "warranted only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." Del Carmen v. Emerson Elec. Co., 908 F.2d 158, 161 (7th Cir.1990) (citations omitted).
 
 
 8
 In Del Carmen, this court also noted that " '[a] dismissal with prejudice is a harsh sanction which should usually be employed only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing.' " Id. at 162 (quoting Schilling v. Walworth County Park & Planning Comm'n, 805 F.2d 272, 275 (7th Cir.1986). The Del Carmen court found that the district court abused its discretion in dismissing the plaintiff's case after his attorney missed a status conference. The court noted that "[t]he single failure on the part of plaintiff's counsel to attend a status conference, without more, does not satisfy the threshold showing of delay, contumacious conduct, or failed prior sanctions to deny the plaintiff an opportunity to have his case decided on the merits." 908 F.2d at 163; See also, Lowe v. City of East Chicago, 897 F.2d 272, 274-75 (7th Cir.1990) (Unless there is a clear record of delay or contumacious conduct or unless less drastic sanctions have proven unavailing, the policy favoring determination of cases on their merits outweighs the district court's understandable concern for clearing its docket.).
 
 
 9
 Similarly, in Beeson v. Smith, 893 F.2d 930 (7th Cir.1990), this court found an abuse of discretion in the district court's dismissal of the plaintiff's case for a second time after counsel missed a status conference. In Beeson, the plaintiff's counsel missed a status conference, and the case was dismissed. The plaintiff filed a motion to vacate the dismissal, which the court granted. Thereafter, plaintiff's counsel missed another status conference, and the case was again dismissed. The plaintiff filed a motion to vacate the second dismissal, but the district court denied relief. The Beeson court found that the dismissal was "unnecessarily drastic" and that the denial of relief from judgment was an "abuse of discretion in accordance with the practice of reviewing courts to avoid the drastic consequences to clients of denial of their day in court when a more appropriate remedy would have been sanctions against their attorney for his desultory and offhand handling of their case." Id. at 931.
 
 
 10
 In denying the motion to vacate, the district court cited the plaintiff's "failures to comply with orders directing him to responsibly prosecute," specifically referring to his failure to comply with the defendant's discovery requests, his failure to obtain counsel as the court directed him to do following the disqualification of his counsel, and his failure to appear at the September 15th status conference. The district court determined that these incidents indicated a cavalier attitude toward its rulings.
 
 
 11
 A review of the record in this case indicates that there is an insufficient showing of delay, contumacious conduct, or failed prior sanctions to justify the dismissal. The plaintiff's failure to cooperate in discovery amounts to a failure to respond to a set of interrogatories and a request for production of documents for three months from the time that they were served until discovery was stayed on the defendants' motion following disqualification of plaintiff's counsel. During that time some discovery did proceed, however, as it was a deposition of the plaintiff's counsel which led to the motion to disqualify counsel.
 
 
 12
 In addition, although the plaintiff did not obtain representation as the court requested, the record also indicates that with the exception of the final status hearing, each time the court set a deadline for appearing with counsel, the plaintiff appeared at the hearing pro se, and the period of time to obtain counsel was extended. To the extent that this conduct indicates delay or lack of prosecutive intent, it appears to be sanctioned by the court by its willingness to grant the extensions. In addition, this court has recognized that inability to obtain counsel is not sufficient grounds for dismissing a case. Johnson v. Denecek, 868 F.2d 969 (7th Cir.1989) (per curiam). The Johnson court noted that a party is entitled to proceed pro se pursuant to 28 U.S.C. Sec. 1654, and that by conditioning dismissal on ability to retain counsel, the district court is withdrawing the privilege of self-representation. Id. at 970; Cf. Faretta v. California, 422 U.S. 806, 812 (1975) ("[T]he right of self-representation has been protected by statute since the beginnings of our Nation."). The Johnson court concluded that the right to proceed pro se would be a "hollow power if inability to retain counsel [was a] sufficient ground[s] for dismissing the case." Id.
 
 
 13
 The last factor that the district court considered in denying the motion to vacate was the plaintiff's failure to appear at a status conference. This occurred after the plaintiff had been warned twice that if he did not obtain counsel his case would be dismissed; thus, at first blush, it might appear that there was sufficient evidence of delay to warrant dismissal. However, in light of this court's recognition that dismissal cannot be premised on a party's inability to obtain counsel, the only transgressions on the part of the plaintiff in this case are the failure to appear at one status conference and the failure to answer a set of interrogatories and a request for production for a three-month period prior to the time that discovery was stayed. Those actions simply do not demonstrate a lack of prosecutive intent sufficient to justify the extreme sanction of dismissal. Public policy favors hearing cases on the merits, and where, as here, there is an insufficient record of dilatory conduct, the district court's denial of the Rule 60(b) motion was an abuse of discretion. The decision is, therefore, reversed and the cause remanded for further proceedings consistent with this opinion.
 
 
 14
 REVERSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Plaintiff-Appellant has filed such a statement and requested oral argument. Defendants filed a Motion to Strike the statement, because it contained new arguments. We grant the motion as it relates to the argumentative portions of the statement. Upon consideration of the balance of the statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 **
 The Honorable Robert A. Grant, Senior District Judge of the United States District Court for the Northern District of Indiana, South Bend Division, is sitting by designation