962 F.2d 11
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
John L. TALBERT, Plaintiff-Appellant,
v.
Michael V. NEAL, Warden, Danville Correctional Center and
SUE O'NEILL, Health Care Administrator,
Defendants-Appellees.
 No. 91-2012.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 22, 1992.*
Decided May 11, 1992.
 
 Before BAUER, Chief Judge, and COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 John L. Talbert brought this suit under 42 U.S.C. § 1983 claiming that the defendants inadequately treated his dental problems, constituting cruel and unusual punishment in violation of the eighth amendment. Talbert appeals the district court's dismissal of his complaint for failure to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). In addition to arguing that the district court improperly dismissed his complaint, Talbert challenges the district court's denial of his motion for default judgment and the order dismissing Talbert's requests for discovery as moot.
 
 
 2
 Because the district court dismissed the case pursuant to Rule 12(b)(6), we glean our facts from the allegations in Talbert's complaint. The events that formed the basis of the complaint all occurred while Talbert was incarcerated at the Danville Correctional Center. On August 8, 1988, while Talbert was on a work assignment, he complained to a correctional officer that he was experiencing great pain in his mouth. The officer allowed Talbert to leave his work assignment and return to the housing unit where Talbert requested and received an emergency pass to see the dentist. The dentist explained that the pain was caused by the appellant's recent root canal, which had not been properly completed. The dentist also informed Talbert that the prison lacked the proper equipment to finish the root canal, but that the equipment had been ordered by the prison administrators. The dentist cut Talbert's gum, to drain an abscess, and prescribed Motrin for the pain.
 
 
 3
 Talbert returned to the dentist on August 23, 1988, still complaining of severe pain. The dentist explained that the prison still had not received the root canal equipment. In the alternative, the dentist stated that he could pull two of Talbert's teeth and replace them with false teeth. However, the prison did not have the equipment necessary to make false teeth.
 
 
 4
 On August 31, 1988, Talbert wrote to defendant Michael Neal requesting to be sent to a dentist outside of the institution to have the root canal work completed. This request was denied by defendant Sue O'Neill whose memorandum stated that the necessary equipment had been ordered and that Talbert's condition was not one for which the institution furloughed prisoners. In the alternative, Talbert requested that he be transferred to Pontiac Correctional Center, which had the necessary equipment to complete the dental work. Talbert was transferred to Pontiac approximately 45 days later.
 
 
 5
 We review de novo a dismissal for failure to state a claim under Rule 12(b)(6). Ross v. Creighton University, No. 90-2509, slip op. at 5 (7th Cir. March 2, 1992). A dismissal under Rule 12(b)(6) is appropriate only if a party "can prove no set of facts upon which relief may be granted." Id., (quoting First Interstate Bank of Nevada v. Chapman & Cutler, 837 F.2d 775, 776 (7th Cir.1988)).
 
 
 6
 In two recent opinions, the United States Supreme Court commented on the proof necessary to demonstrate Eighth Amendment violations. First, the court explained that eighth amendment claims alleging deliberate indifference to serious medical needs must address a subjective component, that prison officials "possessed a sufficiently culpable state of mind" resulting in the " 'unnecessary and wanton infliction of pain.' " Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)) (emphasis in original). Second, a plaintiff must prove an objective component, that the medical needs are serious. In Hudson v. McMillian, 60 U.S.L.W. 4151 (February 25, 1992), the Court explained:
 
 
 7
 Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are "serious." See Estelle v. Gamble, supra, at 103-104.
 
 
 8
 Hudson, 60 U.S.L.W. at 4153.
 
 
 9
 The district court properly dismissed Talbert's claim. At most, Talbert complains that the prison did not provide the type of treatment that he desired. However, it is evident from Talbert's complaint that the prison did treat his dental problem. The dentist twice drained the abscess and provided medication for Talbert's pain. The prison dentist could do no more without receipt of the equipment that had been ordered. Finally, Talbert was transferred to a facility that did have the necessary equipment. In all, less than three months passed from the time Talbert first complained of his dental problem and the time he was transferred. In the interim, prison officials provided some type of treatment every time Talbert complained of pain. Although we would not condone the deliberate failure to treat this type of medical condition, Talbert's allegations do not amount to a constitutional deprivation. This complaint fails to allege facts necessary to show that the defendants acted with a culpable state of mind, imposing "wanton infliction of pain," Wilson, 111 S.Ct. at 2323 (emphasis in original).
 
 
 10
 Talbert also challenges both the district court's refusal to enter a default judgment against defendant Neal for failure to answer the complaint within 60 days and the court's dismissal of his discovery motion as moot. These determinations fall within the sound discretion of the district court, and we review these decisions only for an abuse of discretion. Beeson v. Smith, 893 F.2d 930, 931 (7th Cir.1990); Olive Can Co, Inc. v. Martin; 906 F.2d 1147, 1152 (7th Cir.1990). We find no abuse of discretion for refusing to grant Talbert's motion for default judgment. Further, because the district court properly dismissed Talbert's complaint, he correctly dismissed Talbert's motion to compel discovery as moot.
 
 
 11
 For the foregoing reasons, the decision of the district court is
 
 
 12
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs