Lula M. JOHNSON, Plaintiff-Appellant,

v.

James T. DENCEK, et al., Defendants–Appellees.

No. 88–1101.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 10, 1989.

Decided Feb. 22, 1989.

Lula M. Johnson, Chicago, Ill., pro se.

Ina S. Winston, Chicago, Ill., for defendants-appellees.

Before COFFEY, FLAUM, and EASTERBROOK, Circuit Judges.

PER CURIAM.

Lula M. Johnson filed this employment discrimination case *pro se* and was allowed to proceed *in forma pauperis*. The district court appointed a member of its bar to represent her under 42 U.S.C. § 2000e–5(f)(1). That lawyer conducted some discovery and ultimately withdrew. Johnson found a new lawyer, willing to take the case on the prospect of a fee under 42 U.S.C. § 2000e–5(k). After completing the discovery, this lawyer also asked to withdraw, informing the court that he feared sanctions under Fed.R.Civ.P. 11 for advocating a frivolous position. The judge allowed counsel to withdraw and informed Johnson that unless she retained a new lawyer within 30 days, he would dismiss the case. Johnson did not find a new lawyer, and the judge kept his word.

The order dismissing the case does not give a reason, although Circuit Rule 50 provides that "[w]henever a district court dismisses a claim ... the district judge shall give his or her reasons". Johnson filed a notice of appeal; the district judge then certified under 28 U.S.C. § 1915(a) that the appeal was not taken in good faith, which prevents further proceedings *in forma pauperis*. This certificate was not supported by a written reason. When Johnson filed a motion under Fed.R.App.P. 24(a), seeking leave to proceed notwithstanding the district court's certificate, we remanded the case so that the district judge could supply the reasons for his decisions. The opinion of the district court on remand explains (footnote omitted):

> This Court believed that because a reasonable investigation of plaintiff's allegations by her own retained counsel revealed that her allegations were not well-founded in law or in fact, dismissal with prejudice was appropriate.... Based on our belief that plaintiff's own counsel's

representation that her case lacked merit rendered her appeal frivolous, we concluded that her appeal was not taken in good faith.... Under the circumstances, we believed that to allow plaintiff to continue to prosecute a case which her own counsel determined to be frivolous would undermine Fed.R.Civ.P. 11. If we were unable to accept such a representation from an officer of the court, especially after he had conducted discovery and had completed an investigation of his own client's claims, then all litigation, no matter how frivolous, would be allowed to proceed to trial. We respectfully submit that plaintiff's inability to retain new counsel within the 30-day time period allotted by the Court following withdrawal of her initial counsel further suggests that her action lacks merit.

It is apparent from this explanation that the district judge did not independently determine that Johnson's complaint fails to state a claim on which relief may be granted. Instead of evaluating the complaint under Rule 12(b)(6) or the evidence under Rule 56, the court accepted the conclusion of counsel.

Courts must rely on the factual representations of members of the bar. Still, the obligation to determine whether a complaint is legally sufficient and supported by evidence rests on the judge. The unwillingness of counsel to take or pursue a case may be highly informative. See *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir.1983), at 764-66 (majority opinion), 769-71 (dissenting opinion); *Darden v. Illinois Bell Telephone Co.*, 797 F.2d 497 (7th Cir.1986), at 501-02 (majority opinion), 504-05 (concurring opinion). It is not dispositive. Cf. *Penson v. Ohio*, — U.S. —, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel". 28 U.S.C. § 1654. To say that a case must be dismissed unless a member of the bar will press it is to withdraw the privilege to present one's case "personally". Moreover, even when no lawyer will take the case, the court may "appoint an attorney for [the] complainant" in Title VII cases, 42 U.S.C. § 2000e-5(f)(1), or "request an attorney to represent any such [indigent] person unable to employ counsel", in other civil cases, 28 U.S.C. § 1915(d). These are hollow powers if inability to retain counsel is sufficient ground for dismissing the suit. Although the threat of sanctions against a destitute litigant will not deter frivolous litigation, this limit to the effect of Rule 11 does not permit the court to withdraw the statutory right to be one's own advocate. Too, not all litigants proceeding *in forma pauperis* are destitute; many could pay $50 and feel the smart, giving the Rule force even in such cases.

Perhaps Johnson's claim is frivolous, as counsel concluded. If it is, or if the evidence fails to support the contentions, the district court may dismiss it under Rule 12(b)(6) or grant summary judgment under Rule 56. The judge must make the necessary inquiry himself. Counsel may be the guide but not the arbiter. The motion for leave to proceed on appeal *in forma pauperis* is granted, the judgment is vacated, and the case is remanded for further proceedings in accordance with this opinion. Circuit Rule 36 shall apply on remand.