132 F.3d 37
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Billy J. TORAIN, Plaintiff-Appellant,
v.
SIEMENS ROLM COMMUNICATIONS, INC., Defendant-Appellee.
 No. 96-3723.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 21, 1997.*
Decided Dec. 10, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 94 C 2740; Brian Barnett Duff, Judge.
 Before FLAUM, RIPPLE, WOOD, Circuit Judges.
 
 0 R D E R
 
 1
 Billy J. Torain brought an action against Siemens Rolm Communications ("Rolm") for race discrimination pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et. seq. He alleged that because he is an African-American, Rolm discriminated against him by: (1) giving him the second highest performance evaluation of "consistently exceeds" expectations rather than the highest evaluation of "far exceeds" that he believes he deserved in January 1992; (2) not selecting him to attend a training seminar; (3) denying a vacation day request; and (4) denying him a "Circle of Excellence" award that he had been nominated for in October 1993. Rolm filed a motion for summary judgment, which the district court subsequently granted. The district court determined that Mr. Torain had not established a prima facie case of discrimination and that even if he had, Rolm had put forth legitimate nondiscriminatory reasons for its actions that Mr. Torain had failed to prove were pretextual.
 
 
 2
 On appeal, Mr. Torain does not challenge the district court's summary judgment ruling; instead, he argues that the district court abused its discretion in denying his request for the appointment of counsel. He also argues that the district court improperly managed discovery and that Rolm acted in bad faith with respect to its participation in discovery.
 
 1. Motion for Appointment of Counsel
 
 3
 Mr. Torain was originally represented by hired counsel, but that counsel was allowed to withdraw during discovery and prior to Rolm's motion for summary judgment. The district court denied Mr. Torain's subsequent requests for the appointment of counsel.
 
 
 4
 This court reviews a district court's denial of a motion for appointment of counsel for abuse of discretion. Zarnes v. Rhodes, 64 F.3d 285, 288 (7th Cir.1995); Otis v. City of Chicago, 29 F.3d 1159, 1168 (7th Cir.1994). Civil litigants do not have a constitutional or statutory right to counsel. Zarnes, 64 F.3d at 288. However, district courts may appoint counsel for a complainant "in such circumstances as the court may deem just." 42 U.S.C. § 2000-e(f)(1); Johnson v. Dencek, 868 F.2d 969, 970 (7th Cir.1989). In deciding whether to appoint counsel in a Title VII case the district court should consider three factors: "the merits of the plaintiff's claim, the plaintiff's diligence in attempting to obtain a lawyer, and the plaintiff's financial ability to retain counsel." Darden v. Illinois Bell Tel. Co., 797 F.2d 497, 500-501 (7th Cir.1986) (quotation omitted); Otis, 29 F.3d at 1169 (mentioning considerations commended by Darden ). The district court reviewed these three factors. Even though Mr. Torain attempted to obtain counsel, each of the 14 or more lawyers he approached refused to represent him. The district court noted that the inability to find counsel that were willing to be paid to take his case indicated that it lacked merit. "[I]f a discrimination claim lacks merit, counsel will not be appointed regardless of the plaintiff's diligence in seeking representation or lack of financial means." Darden, 797 F.2d at 501. The district court noted that Mr. Torain made $41,000 annually and, therefore, had the financial means to retain counsel. Therefore, the district court did not abuse its discretion in declining to appoint counsel.
 
 2. District Court's Management of Discovery
 
 5
 Mr. Torain also argues that the "[d]efendant acted in bad faith by knowingly not engaging in discovery, scheduling depositions to prevent plaintiff from deposing defense witnesses before the discovery cutoff date and utilizing dilatory tactics." Appellant's Br. at 17. He also states that "[t]he defendant in this matter was not required to and willfully did not participate in discovery even after it's [sic] motion for protective order was denied."[1] Appellant's Br. at 12.
 
 
 6
 At a status hearing on January 27, 1995, the district court instructed Mr. Torain to allow Rolm to take his deposition before he took depositions so that he could become familiar with the process. Rolm ultimately scheduled Mr. Torain's deposition for March 22, 1995, two days before the close of discovery and right before he went out of town on a business trip.[2] He argues that Rolm should be sanctioned because it purposely scheduled his deposition near the cut-off date for discovery so that he would not be able to depose Rolm employees.
 
 
 7
 District courts have broad discretion in controlling discovery and we review decisions involving discovery for abuse of discretion. Brill v. Lante Corp., 119 F.3d 1266, 1275 (7th Cir.1997); Leffler v. Meer, 60 F.3d 369, 374 (7th Cir.1995). Although Mr. Torain argues that the district court and Rolm prevented him from conducting discovery, the actual problem was that Mr. Torain failed to 'take an active role in ensuring that he had sufficient time to engage in discovery. Mr. Torain could have told Rolm that it had to depose him by a certain date so that he would have enough time to depose Rolm employees. If Rolm failed to comply with this request Mr. Torain could have then requested that the discovery deadline be extended, or he could have filed a motion with the court to compel discovery pursuant to Federal Rule of Civil Procedure 37(a). The fact that Mr. Torain failed to preserve adequately his opportunities to participate in discovery does not mean that the district court committed an abuse of discretion. Reed v. AMAX Coal Co., 971 F.2d 1295, 1301 (7th Cir.1992) (district court did not abuse its discretion in a Title VII suit where the employee "was given ample opportunity to conduct discovery, but ... failed to do so properly").
 
 
 8
 Lastly, Mr. Torain complains that he was unfairly deprived of his day in court, when, after mediation attempts proved unfruitful, Rolm successfully moved for summary judgment several years after the filing of the complaint. However, the district court does not necessarily control the timing of a party's motion for summary judgment; indeed, a defending party can move for summary judgment "at any time." Fed.R.Civ.P. 56(b). Further, Mr. Torain has not challenged the district court's determination that he failed to make a prima facie case of discrimination or demonstrated that Rolm's legitimate nondiscriminatory reasons for its actions were pretextual. Therefore, the district court did not abuse its discretion in its handling of discovery and denial of appointment of counsel.
 
 AFFIRMED
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f)
 
 
 [1]
 This statement is erroneous, as Rolm's motion for protective order was granted
 
 
 [2]
 Rolm was unable to complete the deposition of Mr. Torain on March 22, so it stipulated to extending discovery for the sole purpose of completing Mr. Torain's deposition. His deposition was completed on April 3, 1.995, one day before the next status hearing