**WINDWARD AGENCY, INC., Appellant,**

v.

**COLOGNE LIFE REINSURANCE CO.**

No. 03–4855.

United States Court of Appeals, Third Circuit.

Argued Jan. 13, 2005.

Decided Feb. 3, 2005.

Timothy C. Russell, (Argued), Spector Gadon & Rosen, P.C., Philadelphia, PA, for Appellant.

Robert P. Dolian, (Argued), M. Juliet Bonazzoli, Cummings & Lockwood, LLC, Stamford, CT, for Appellee.

Before SCIRICA, Chief Judge, ROTH, and VAN ANTWERPEN, Circuit Judges.

## OPINION OF THE COURT

VAN ANTWERPEN, Circuit Judge.

Before us is Appellant Windward's appeal of the District Court's Rule 41(b) dismissal for failure to arbitrate its claim against Appellee Cologne. We now affirm the decision of the District Court.

Because we write only for the parties, we recount only the facts pertinent to our decision. On November 15, 1995, Windward filed a Summons in the Pennsylvania Court of Common Pleas (Montgomery County) naming Cologne as a defendant, alleging a breach of a reinsurance contract.[1] This action was timely removed to the United States District Court for the Eastern District of Pennsylvania and assigned to the late Judge Joseph L. McGlynn Jr. Cologne then moved to compel arbitration of Windward's claim. On April 1, 1997, the District Court stayed the action and ordered the contract claim to be arbitrated.

The arbitration agreement provided that each party would select an arbitrator and then the two arbitrators would select a third to complete the panel. Each party selected their arbitrator, but a third arbitrator was never appointed. On February 3, 1998, Cologne was informed that Windward's arbitrator had resigned due to a conflict. Windward took no action to replace the arbitrator.

This action was placed on the court's suspense docket on March 5, 1998, and because of the death of Judge McGlynn

---

1. The complaint also alleged tortious interference with contractual relations and civil con- spiracy. These claims were dismissed on Cologne's motion for summary judgment.

was later assigned to District Judge Bartle on February 25, 1999. On August 24, 2001, Judge Bartle inquired as to the status of the case and advised Windward that the District Court had the power to enter an order dismissing the case for lack of prosecution. Apparently encouraged by the District Court's inquiry, new counsel for Windward entered his appearance on November 20, 2001. Despite new counsel, no arbitrator was selected by Windward. The District Court sent a second inquiry on August 12, 2003, and shortly thereafter, Windward notified Cologne that it had designated a replacement arbitrator and was ready to proceed. Nevertheless, a third arbitrator was not selected, and more than six years after Judge McGlynn had ordered the parties to arbitration, no panel had been constituted and arbitration proceedings had not begun. On October 6, 2003, Cologne filed a motion under Fed. R.Civ.P. 41(b), seeking dismissal for failure to prosecute. The District Court granted this motion on December 4, 2003.

Windward contends that the District Court erred on two counts: (1) when it found that it had the authority to dismiss this action; and (2) its dismissal under Rule 41(b) was an abuse of discretion. We take each contention in turn.

 The Supreme Court has long recognized and enforced a "liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). Once it is clear that parties to an arbitration agreement are obligated to submit a particular dispute to arbitration, procedural questions which grow out of that dispute and bear on its final disposition should be left to the arbitrator. *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557–558, 84 S.Ct. 909, 11 L.Ed.2d 898 (1964). That being said, an agreement to arbitrate does not completely oust a district court of jurisdiction over the claims subject to arbitration. *The Anaconda v. American Sugar Refining Co.*, 322 U.S. 42, 44–45, 64 S.Ct. 863, 88 L.Ed. 1117 (1944); *Zosky v. Boyer*, 856 F.2d 554, 556 (3d Cir.1988), *cert. denied*, 488 U.S. 1042, 109 S.Ct. 868, 102 L.Ed.2d 992 (1989). While never explicitly held by this Court, other circuits have found that a stay of proceedings pending arbitration contemplates continuing supervision by a court to ensure that arbitration proceedings are conducted within a reasonable amount of time, *Meyer v. Dans un Jardin, S.A.*, 816 F.2d 533, 538–39 (10th Cir.1987), and jurisdiction over a Rule 41(b) motion properly serves this end. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 654 (9th Cir.1991) (Rule 41(b) dismissal does not constitute impermissible court interference with the arbitration process itself); *see also Martens v. Thomann*, 273 F.3d 159 (2d Cir. 2001). Windward primarily relies on *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84, 123 S.Ct. 588, 154 L.Ed.2d 491 (2002), to support its contention that the District Court overstepped its authority. The general rule of *Howsam* is a simple one, namely to render unto the courts the things that are the courts' and render unto the arbitrators the things that are the arbitrators'. A court may properly decide an issue "where [the] contracting parties would likely have expected a court to have decided the ... matter, where they are not likely to have thought that they had agreed that an arbitrator would do so ..." *Id.* at 83–84.

Here, we cannot agree with Windward that, at the time of agreement, the parties envisioned that the instant dispute would be left to the arbitrators. It cannot be that the arbitration agreement demands the submission of Windward's failure to appoint an arbitrator to an arbitration pan-

el *which has not yet been constituted.*[2] Were this a failure to cooperate with the arbitration panel or some other form of foot-dragging on the part of Windward post-appointment of the panel, we might well be compelled by *Howsam* to leave any issues of delay to the broad jurisdiction of the arbitrators under the agreement. Where, however, a party fails for many years to abide by a district court order to initiate arbitration proceedings, it is an issue for the district court, and not the non-existent arbitration panel. The authority to dismiss for lack of prosecution, both on a defendant's motion and *sua sponte,* is an inherent control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. *Link v. Wabash Railroad Co.,* 370 U.S. 626, 630–631, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). It was within the authority of the District Court to dismiss this action pursuant to Rule 41(b).

■ Upon review of the record, we are confident that the District Court did not err in dismissing Windward's claim. We find no abuse of discretion in the District Court's application of the test we announced in *Poulis v. State Farm Fire and Cas. Co.,* 747 F.2d 863, 868 (3d Cir.1984).

The decision of the District Court is therefore affirmed.

---

**2.** We acknowledge that there is a provision of the agreement which allows Cologne to appoint an arbitrator if Windward fails to do so.

Nonetheless, this is insufficient to demonstrate the showing required by *Howsam.*