**Linda HERRMAN, Plaintiff**

v.

**ALLSTATE INSURANCE CO., Defendant.**

**Civil Action No. 97–CV–4290.**

United States District Court, E.D. Pennsylvania.

Aug. 11, 2006.

Dora R. Garcia, Feingold Feingold & Garcia, Philadelphia, PA, for Plaintiff.

Eric M. Schweiker, Marshall Walthew, Rick Swedloff, Dechert, Price and Rhoads, Philadelphia, PA, for Defendant.

### *MEMORANDUM AND ORDER*

ANITA B. BRODY, District Judge.

This suit arose from a 1993 automobile accident in which plaintiff Linda Herrman ("Herrman") was a passenger in a car insured by defendant Allstate Insurance Company ("Allstate"). Herrman sought first-party and uninsured motorist (UM) payment from Allstate, which Allstate denied. In 1997, Herrman brought this suit against Allstate, seeking the appointment of a neutral arbitrator and alleging that Allstate handled Herrman's insurance claims in bad faith. In September 1997, Judge Newcomer stayed the case pending the outcome of arbitration and litigation of Herrman's underlying claims in a related state court action. After the neutral arbitrator dismissed Herrman's claim in February 1998 for failure to pay arbitration fees, Herrman took no action to move her

case forward in federal or state court for seven years. Before me is Allstate's Motion to Dismiss as Moot and Pursuant to Federal Rule of Civil Procedure 41(b) because of Herrman's failure to prosecute the case. For the reasons that follow, Allstate's motion is granted.

## A. FACTS AND PROCEDURAL HISTORY[1]

On December 22, 1993, Herrman was injured in an automobile accident, while a passenger in a car operated by Debbie Dougherty and owned by Elizabeth Dougherty. (Compl. ¶ 9.) Elizabeth Dougherty maintained an auto insurance policy with Allstate. (*Id.* ¶ 10.) Herrman made first-party and UM claims against Allstate for "payment of medicals, lost wages, disability and other losses" caused by the accident.[2] (*Id.* ¶ 11.) Allstate refused to pay these claims. (*Id.* ¶ 12.) Herrman requested that Allstate appoint an arbitrator and join with her arbitrator to appoint a third, neutral arbitrator to hear her UM claim, but Allstate refused to do so. (*Id.* ¶¶ 14–15.)

Herrman first filed suit against the Doughertys and Allstate in the Philadelphia County Court of Common Pleas in October 1995. *See Herrman v. Debbie Dougherty et al.,* October Term 1995, No. 2898 (C.C.P.Phila.Co.). In that case, Herrman claimed that the Doughertys were negligent, and sought first-party benefits from Allstate, along with "punitive damages, penalties and sanctions." (*See* 1995 Complaint, Ex. 5 to Def.'s Mot. to Dis.) The state case was placed in deferred status at the time of filing on October 24, 1995, and has been on deferred status continually since June, 1999.[3] (*See* Docket Report for Case No. 951002898 as of July 5, 2006.) The last substantive action reflected on the docket of the 1995 state case was the court's denial of Allstate's Motion for Judgment on the Pleadings on October 23, 1996. (*Id.*)

On May 23, 1997, Herrman commenced the present suit in the Philadelphia County Court of Common Pleas, naming as defendants Allstate, Allstate agent Francis Buono, and Martin Edwards, the driver of the other vehicle involved in the accident. The action, captioned *Herrman v. Allstate Insurance Co., Francis R. Buono, and Martin Edwards,* June Term 1997, No. 493, sought appointment of a neutral arbitrator to hear her UM claim, and contained two counts of bad faith against Allstate.[4] All-

---

1. For the purposes of a motion to dismiss, the facts as averred by plaintiff are accepted as true. *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996). The procedural history in federal and state court following the filing of the complaint is a matter of record.

2. Occupants of an insured motor vehicle are entitled to first party benefits under the policy on that motor vehicle if they are not insured by another policy. *See* 75 Pa.C.S. § 1713(a)(3). Therefore Herrman, claiming that she was not covered by other insurance, brought a first-party claim against Allstate as the insurer of the Dougherty's car, in which Herrman was a passenger. She also brought a UM claim against Allstate because the driver of the other car involved in the accident was not insured. *See* 40 Pa.C.S. § 2000.

3. I have been informed by David C. Lawrence, Chief Deputy Court Administrator for the First Judicial District of Philadelphia, that when a case is in deferred status, counsel for either side can petition the court to have the case removed from deferred status. (See Letter from Lawrence to Court of 6/29/06 (on file with the court).)

4. Earlier, in April, 1997, Herrman brought another state court action against Allstate entitled Petition to Appoint Third/Neutral Arbitrator and Complaint. *Herrman v. Allstate Ins. Co.,* April Term 1997, No.2092 (C.C.P.Phila.Co.). After Allstate removed the action to federal court based on diversity jurisdiction on May 12, 1997, Herrman voluntarily dismissed the action without prejudice pursuant to Fed.R.Civ.P. 41(a)(1) on May 13,

state removed the case to federal court on the basis of diversity jurisdiction, claiming that the two individual defendants had been fraudulently joined. The case was assigned to Judge Newcomer, who dismissed defendants Buono and Edwards as fraudulently joined, and denied Herrman's Motion for Remand. (Doc. # 9, Order of 9/12/97.)

On July 7, 1997, Allstate filed a motion for judgment on the pleadings, joining Herrman's request for the court to appoint a neutral arbitrator, and requesting dismissal of the bad faith counts. (Doc. # 5.) On September 18, 1997, Judge Newcomer granted the motion in part and denied it in part. (Doc. # 10.) Judge Newcomer appointed law professor Richard B. Capalli as the neutral arbitrator, and held that Herrman's § 8371 bad faith claim for denial of first-party medical benefits was barred.[5] (*Id.* at 3.) Judge Newcomer stayed the remaining first-party bad faith claim based on lost wages and the UM bad faith claim pending "the resolution of the underlying state court action and the uninsured motorist arbitration." (*Id.* at 3.) On February 6, 1998, Judge Newcomer ordered the action placed in civil suspense "pending the parallel state court action." (Doc. # 11.)

The arbitration was scheduled to be heard on February 18, 1998, but was dismissed on February 16, 1998. (*See* Def.'s Mot. to Dismiss Ex. 16, Order of 2/16/98.) While the parties dispute the facts surrounding the dismissal, it is undisputed

that the arbitration failed to occur because Herrman's counsel did not pay the neutral arbitrator's fee in advance as requested.[6] (*See id.*) At no point did Herrman move to vacate the dismissal.

After the dismissal of the arbitration, nothing was filed in the case until July 8, 1998, when Judge Newcomer ordered the parties to submit status reports by July 15, 1998, or face dismissal of the case for lack of prosecution. (Doc. # 12.) In response to the order, on July 15, 1998 Herrman's counsel advised the court that he was preparing to file a motion to remand the case. (Doc. # 13.) He filed the motion to remand on July 28, 1998. (Doc. # 14.) On September 4, 1998, Judge Newcomer denied the motion to remand because the court had denied plaintiff's previous motion to remand, and a motion for reconsideration would be untimely. (Doc. # 17.)

After Herrman's second motion to remand was denied, the case lay dormant for seven years. In September 2005, upon Judge Newcomer's death, the matter was reassigned to me. On October 28, 2005, counsel for both parties appeared for a status conference in my chambers. Herrman's counsel again argued that the case should be remanded, and Allstate's counsel argued that it should be dismissed. I ordered Allstate to submit a motion to dismiss, which was filed on December 2, 2005. (Doc. # 22.) Herrman's response to Allstate's motion to dismiss included a third

---

1997. *See Herrman v. Allstate Ins. Co.,* Case No. 97–cv–3336, Doc. # 2.

**5.** Judge Newcomer held that the Pennsylvania Motor Vehicle Financial Responsibility Law (MVFRL) is the exclusive remedy in Pennsylvania for first-party medical claims arising from automobile accidents, citing *Gemini Physical Therapy and Rehabilitation, Inc. v. State Farm Mut. Auto. Ins. Co.,* 40 F.3d 63, 67 (3d Cir.1994).

**6.** Professor Capalli stated in his initial letter to the parties that his fee would be $150 per hour and that he would decline Judge Newcomer's appointment if the parties objected to that fee. Allstate argues that Herrman did not object to Capalli's appointment at that time. (*See* Def.'s Mot. to Dismiss Ex. 15.) Herrman asserts that "[o]n many occasions, plaintiff's counsel requested the third arbitrator to withdraw from his appointment." (Pl.'s Opp. to Mot. to Dismiss at 3.)

motion to remand based on the amount in controversy. (Doc. # 23.)

During the period of inactivity in this case, which stretched from September 1998 to October 2005, the related state case filed in 1995 was in deferred status except for six weeks from May 17, 1999 through June 30, 1999.[7] During that seven-year period, neither party filed anything on the docket in the state case except change of counsel notices. (*See* Docket Report for Case No. 951002898 as of July 5, 2006.)

## B. DISCUSSION[8]

■ Allstate's motion to dismiss contains three arguments: (1) that Herrman has exhausted her right to an arbitration; (2) that Herrman's remaining bad faith

claims should be dismissed for failure to prosecute pursuant to Rule 41(b); and (3) that the remaining counts should be dismissed as improperly brought, unnecessary, and duplicative. (*See* Pl's Mot. to Dis.) (Doc. # 22.) The record reveals that Herrman has failed to prosecute any of her claims for over seven years. For the reasons that follow, Herrman's complaint is dismissed with prejudice pursuant to Rule 41(b).[9]

■ Rule 41(b) provides:

For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision

---

7. In its reply brief, Allstate alleges that plaintiff's counsel recently told the Court of Common Pleas that the state court action should remain in deferred status because of the pendency of this federal court action. (*See* Def.'s Reply Mem. in Supp. of Mot. to Dis. at 9.) Plaintiff did not respond to this allegation, and does not offer any explanation for the lack of activity in the state case beyond Allstate's refusal to allow the cases to be consolidated in state court. (*See* Pl.'s Supp. Mem. in Opp. to Def.'s Mot. to Dis. at 3.)

8. Neither Herrman nor Allstate addresses the question of whether I have jurisdiction to dismiss an action that has been stayed pending arbitration. The Third Circuit has affirmed, in an unreported decision, a district court that dismissed an action pursuant to Rule 41(b) in very similar circumstances. *See Windward Agency Inc. v. Cologne Life Reinsurance Co.*, 353 F.Supp.2d 538 (E.D.Pa.2003), *aff'd*, 123 Fed. Appx. 481 (3d Cir.2005). Also, at least two other Courts of Appeals have held that a district court has the power to decide whether a party's failure to arbitrate a claim constitutes grounds for dismissal of a stayed action pursuant to Rule 41(b). *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648 (9th Cir.1991); *Shields v. Shearson Loeb Rhoades, Inc.*, No. 92–1425, 1993 WL 3068 (7th Cir. Jan.7, 1993). Courts have inherent authority to dismiss cases for lack of prosecution "to

prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 629–30, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). In *Windward* it is noted that if a district court did not have the power pursuant to Rule 41(b) to dismiss a case where a party has unreasonably delayed arbitration after a court order, "a plaintiff could disregard with impunity an order to arbitrate." *Windward*, 353 F.Supp.2d at 543. I have jurisdiction to dismiss this case regardless of the arbitration ordered in 1997.

9. It is not necessary to address the parties' other arguments. First, I need not determine whether Professor Capalli's dismissal of the arbitration was proper or improper. Any motion to vacate an arbitration award must be made within thirty days. *See* 42 Pa. C. S.A. § 7341(b). Even if a void award need not be vacated, as Herrman argues, failure to pursue the arbitration for *seven years* after the arbitrator's dismissal constitutes failure to prosecute the arbitration claim sufficient to justify dismissal under Rule 41(b). Second, because Herrman pursued none of her claims in state or federal court for seven years, I need not decide whether they were improperly brought, unnecessary or duplicative. Herrman failed to prosecute any of her federal claims, and it is appropriate to dismiss them all under Rule 41(b) as explained *infra*.

and any dismissal provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed.R.Civ.P. 41(b). The Third Circuit has emphasized that dismissal of a cause of action for failure to prosecute is a drastic sanction only to be used in extreme circumstances. *See Adams v. Trustees of the N.J. Brewery Employees' Pension Trust Fund,* 29 F.3d 863, 869 (3d Cir.1994). Before dismissing a case under Rule 41(b),[10] a district court must at a minimum consider the six factors set forth by the Third Circuit in *Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 863 (3d Cir.1984):

(1) the extent of the *party's* personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense.

*Id.* at 868 (emphasis in original). The *Poulis* factors are not a formula, and it is not necessary that each factor be satisfied for dismissal to be appropriate. *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 221 (3d Cir.2003) (citing *Hicks v. Feeney,* 850 F.2d 152, 156 (3d Cir.1988)). The factors are to be "weighed by the district courts in order to assure that the 'extreme' sanction of dismissal or default is reserved for the instances in which it is justly merited." *Poulis,* 747 F.2d at 870.

**10.** A court need not hold a hearing prior to a dismissal pursuant to Rule 41(b). *Adams,* 29

### 1. *Extent of Herrman's Personal Responsibility*

The record does not reveal why Herrman and her counsel did not pursue this action while seven years passed after the neutral arbitrator's dismissal and Judge Newcomer's denial of Herrman's second motion to remand in 1998. Although there is no evidence that Herrman personally directed her counsel to stall litigation, it is improbable that she was unaware that there was no activity in either her state or federal case for a long time. Herrman could have directed her counsel to pursue the case, or hired new counsel if he did not. Even if Herrman herself is not responsible for her counsel's dilatory conduct, this fact does not rule out dismissal, "because a client cannot always avoid the consequences of the acts or omissions of its counsel." *Poulis,* 747 F.2d 863 (citing *Link v. Wabash R.R.,* 370 U.S. 626, 633, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). While Herrman's counsel may bear the bulk of the responsibility for failure to prosecute this case, Herrman could have taken steps to advance her litigation, even if she had to retain new counsel to do so. Consideration of this factor does not weigh strongly for or against dismissal.

### 2. *Prejudice to Allstate*

Prejudice to the adversary may consist of "the irretrievable loss of evidence" and "the inevitable dimming of witnesses' memories." *Scarborough v. Eubanks,* 747 F.2d 871, 876 (3d Cir.1984). The underlying events of this case occurred in 1993, over twelve years ago. The underlying state case was filed in 1995, and the federal action before me commenced in 1997, eleven and nine years ago respectively. Arbitration in this case was ordered by

F.3d at 871–72.

Judge Newcomer in September 1997, and was to take place in February 1998, over eight years ago. It is likely to be difficult for Allstate to locate relevant witnesses. Even if they can be located, memories of the accident and the insurance investigation have undoubtedly been subject to "inevitable dimming" over the extended period of dormancy in this case.

In a factually similar case in this district, the court found prejudice to the defendant from the extended passage of time. In *Windward Agency Inc. v. Cologne Life Reinsurance Co.*, 353 F.Supp.2d 538 (E.D.Pa.2003), *aff'd*, 123 Fed.Appx. 481 (3d Cir.2005), the court dismissed a case six years after the previous judge had ordered the arbitration of a contract claim and stayed the action. The plaintiff's arbitrator resigned before appointing the neutral arbitrator, and thereafter the plaintiff did not name a replacement or advance the case in any way. *Id.* at 539. By the time the defendant filed a motion to dismiss for lack of prosecution, twelve years had passed since the underlying events of the litigation. *Id.* at 540. The court held that it could "reasonably infer that a delay of the present magnitude has inevitably caused memories to fade." *Id.* As in *Windward*, over twelve years have passed since the underlying events, and prejudice to the defendant can be assumed.

### 3. History of Dilatoriness

As previously noted, Herrman took no steps to advance this litigation from the time of the arbitration's dismissal in February 1998 until after Allstate filed its motion to dismiss in December 2005. In response to Judge Newcomer's order for a detailed status report, Herrman filed a second motion to remand, even though her first had been denied. Indeed, Herrman attempted again to request remand from me, even though remand in this case has been denied twice. Since the failed arbitration, Herrman has refused to litigate in federal court, and has only acted to file futile motions for remand. As the plaintiff argued in *Windward*, Herrman argues that Allstate bears responsibility for the delay because it did not take steps to pursue the arbitration or confirm the dismissal by Professor Capalli. That argument does not shift responsibility for the history of delay to Allstate, because as in *Windward*, the plaintiff "had the burden of diligently pursuing its claim if it was still interested in seeking damages." *Id.* at 541.

■ Failure to prosecute in violation of Rule 41(b) may consist of deliberate delay or simple inaction. *Beckman v. Integrated Sys. Int'l, Inc.*, 2002 WL 33832098 (E.D.Pa.2002) (citing *Bendix Aviation Corp. v. Glass*, 32 F.R.D. 375, 377 (E.D.Pa. 1962)). In *Beckman*, the plaintiff allowed his case "to remain dormant in civil suspense for more than nine years, while taking no action to litigate the matter." *Beckman* at *4. Like Beckman, Herrman did not take any positive steps to delay trial, but neither did she take any steps to expedite trial. As the court did in *Beckman* and *Windward*, I conclude that Herrman's inaction is sufficiently dilatory to weigh in favor of dismissal.

### 4. Whether Conduct was Willful or in Bad Faith

Herrman has offered no explanation for failing to pursue both her state and federal claims other than complaining that if this case had remained in state court and been consolidated with the state case filed in 1995, "the litigation would have long ago concluded." (Pl.'s Supp. Mem. of Law in Opp. to Def.'s Mot. to Dis. at 3.) In fact, Herrman blames the delay in both cases on Allstate's resistance to consolidation. It appears that Herrman's counsel was determined not to litigate in federal court even after Judge Newcomer twice denied

remand, in essence attempting to overrule the court's decision that it had jurisdiction in this case. While such obstinacy may not amount to bad faith, Herrman has presented no outside circumstances to justify it, and it appears to be willful. Therefore this factor, too, weighs in favor of dismissal.

### 5. *Consideration of Sanctions other than Dismissal*

Before dismissing a case with prejudice, a court must consider whether alternative sanctions are possible. *Poulis*, 747 F.2d at 868; *Adams*, 29 F.3d at 863. In *Windward*, the court reasoned that "[t]he basic problem is the prejudice to defendant from the twelve years that have passed since the events in question took place and the more than six years since the action was stayed pending arbitration. Fines and costs cannot turn back the clock or restore blurred memories or missing files." *Windward*, 353 F.Supp.2d at 541. The same circumstances exist in this case, and here too, no alternative sanction is appropriate.

### 6. *Meritoriousness of the Claim*

 A claim is considered meritorious "when the allegations of the pleadings, if established at trial, would support recovery by plaintiff." *Poulis*, 747 F.2d at 870. In the present case, Herrman's remaining claims have already survived Allstate's motion for judgment on the pleadings. Thus Herrman's claims are facially meritorious. However, it would be unusual for a plaintiff "with a strong case ... [to] sit on their hands as long as this plaintiff has done. Common sense dictates that [plaintiff's] action is likely to be of questionable merit." *Windward*, 353 F.Supp.2d at 541. The case cannot be considered unmeritorious at this stage, but neither is it clear that plaintiff would win at arbitration or trial.

### C. CONCLUSION

For seven years, Herrman took no action to pursue arbitration after failing to pay the neutral arbitrator, nor did she advance the state litigation. Such a lengthy period of inactivity constitutes a history of dilatoriness, and gives rise to a presumption of prejudice to Allstate. After examining the case in light of each of the *Poulis* factors, I find that dismissal pursuant to Rule 41(b) is warranted. An appropriate order follows.

### ORDER

**AND NOW,** this 10th day of August, 2006, it is **ORDERED** that Defendant's Motion to Dismiss as Moot and Pursuant to Federal Rule of Civil Procedure 41(b) (Doc. # 22) is **GRANTED,** and plaintiff's complaint is **DISMISSED WITH PREJUDICE.**